Pettigrew et al v. Washington County.

---

PETTIGREW ET AL V. WASHINGTON COUNTY.

1. CERTIORARI : *No substitute for appeal.*
   The writ of *certiorari* cannot be used as a substitute for appeal to correct the mere errors of an inferior court.

2. APPEAL : *Remedy when County Court refuses to grant.*
   When the County Court refuses to grant an appeal, or to act on the application for it, it may be compelled by mandamus; and if the time for appealing has elapsed it will be compelled to make the necessary order by a *nunc pro tunc* entry.

3. COUNTY COURT : *Jurisdiction over defaulting collector of school taxes.*
   The County court has jurisdiction to render judgment against a

3——43

| 43 | 33 |
| 61 | 607 |
| 43 | 33 |
| 66 | 141 |
| 43 | 33 |
| 69 | 591 |
| 43 | 33 |
| e80 | 60 |
| 43 | 33 |
| d90 | 197 |

defaulting collector and his sureties, for school taxes collected by him and not paid over.

4. PRACTICE . *Objections to plaintiff's capacity to sue.*
   Objections to plaintiff's capacity to sue must be taken by demurrer or answer.  It is too late to make them to the judgment.

5. JUDGE : *Disqualification of.*
   It is too late after judgment, to object that the judge was disqualified to try the case on account of consanguinity to one of the defendants.

APPEAL from *Washington* Circuit Court.
Hon. A. B. GREENWOOD, Special Judge.

*L. Gregg,* for appellants.

The first objection made is by demurer to the jurisdiction of the County Court, and its power to render judgment.

If the County Court had not jurisdiction all subsequent proceedings were invalid and any judgment for costs or otherwise is void.

We submit that by act of the legislature of February 27, 1879, Acts 79, Page 13, all corporate powers were taken away from the counties and it was expressly enacted that the counties should neither sue nor be sued.

Again, while the general Revenue law provides that district school taxes shall be collected in the same manner and by the same person as other taxes, yet there is no statute authorizing the County Court to make settlement for them or requiring the collector to settle them with the County Court—*See Section* 5422 *Gantt's Digest*— and the County Court being a court of limited or prescribed jurisdiction, we submit it could not go beyond the authority by the act conferred upon it, even if previous revenue laws on other subjects had authorized a settlement with the collector when the act creating these pe-

culiar districts and authorizing these taxes, had given no such authority.

The statute not only declares that Counties shall have no corporate powers and that they shall not sue .or be s ued, but distinctly enacts that each school district shall be a body corporate with power to sue and be sued, &c. &c.,. *See Sec.* 53, *page* 71, *Act* 1877. And hence each district was the only proper party to sue for a right withheld or a wrong done it.

The County Court certainly had no general jurisdiction authorizing it to bring in alleged sureties on a collector's bond and litigate with them, if there was not statutory power for so doing.

*The Constitution, Sec.* 20, *Art.* 7, as well as the statutes, declares a judge shall not preside in a cause where " *either* of the parties shall *be connected* with him," &c. Does this not deprive him of jurisdiction to try a cause wherein *his son* was a party?

And when his son was brought before him in this case did he not know judicially, as well as personally, that Thomas J. Mullins was his son? He was bound under the Constitution to certify this case to the Governor for the appointment of a judge, &c. *See Sec.* 36, *Art.* 7, *Constitution* 1874. In *Freeman on Judgments, Sec.* 146, it is said the action of any judge in a matter wherein he is interested is *coram non judice* and void. See 5 *Pickering* 483, and *Coffin v. Cottle,* 9 *Pick.* 287 and *Sigourney v Libley* 21 *Pick.* 101, *Gray v. Minot* 3 *Cush* 252, *State v. Castleberry* 23 *Ala.*, 85 *and Sec.* 144 *of Freeman on Judgments,* this authority says, parties cannot waive objections to relationship and the judgment is void. See *Converse v. McArthur* 17 *Barb. N. Y.* 410 and 41 *Barb.* 200, *Hall v. Thayer* 105 *Mass.* 219 and other cases cited by Mr. Freeman.

The next error complained of is that the County Court refused to grant an appeal upon application made and bond filed. At the first term afterwards the county judge disapproved of the appeal bond, not because the signers were not amply good, but because they were litigants in the case.

But this was quite immaterial. The appeal should have been allowed as a matter of right—*Sec.* 1193 *Gantt's Digest*—and bond or no bond only determined the right to a supercedeas.

As found by the Circuit Court, the county court at its next session adjourned the hearing in the case to a certain hour and before the hour arrived without notice adjourned his court, &c, and without fault or laches on the part of appellants, deprived them of the right to appeal.

Mandamus could not then issue (*High on Extraordinary Legal Remedies, Sec.* 14, *P.* 15) because there was no court in session to allow an appeal and no appeal could be granted at the next term by reason of that being beyond the time allowed by law; hence the only remedy the law afforded was *certiorari.*

Upon the return of which under Sec. 1196 the Court was empowered to hear and determine the same, and correct any *erroneous proceedings* and the next section authorized the hearing of evidence *dehors the record, &c.* See also Sec. 1197.

These statutes modify the general rule and give latitude to reach the merits of the case. 25 *Ark.*, 518; 37 *Ark.*, 318.

The Circuit Court upon the evidence found the fact that appellants had been deprived of their right of appeal without fault or laches on their part, but rejected the practice of hearing the case upon its merits. It also found specifically that the county had no interest in the money sought

to be recovered and the County was the nominal plaintiff and that the county was not a body corporate or other person and had no capacity to sue, and that the judgment was rendered in faver of Washington County for the use of certain school districts, and yet rendered a judgment affirming the proceeding and judgment in the County Court. And the Circuit Court on appellee's motion quashed the writ as to all of appallants but one, and refused to quash it as to him, and adjudged that the judgment of the County Court be affirmed in part and quashed in part.

This, we submit, was a palpable error. Upon appellee's motion the Court was legally bound to quash the writ or overrule the motion. As a Court of Law, it could not divide a judgment and quash it as to one and affirm it as to the others. See *Freeman on Judgments Sec.* 136. He says a judgment void as to one is void as to all.

How strange to assume that when A, B and C are equally liable and sued together, A and C must pay the claim and B be discharged because he is a son of the judge, his discharge being for a want of jurisdiction in the court and not upon any defense personal to himself —such never was the law. See *Shuford v. Cain* 1 *abb. U. S.* 302.

*Kitchens v. Hutchins* 44 *Geo.* 620, *Com'l Bank v. Wilson* 14 *Grants ch.* 473. *C. M. L. Ins. Co. v. Cloar* 36 *Mo.* 392

*B. R. Davidson* for appellee.

The relationsphip of the party to the judge was made known for the first time in the circuit court. No objection was made to the judge below and unless made was waived.

*Gantt's Digest Sec* 1159 ; 12 *Ark.*, 191 ; 19 *Ark.*, 97 ; *White v. Reagan*, 25 *Id.* 622.

But this would not affect this cause as the judgment was quashed as to the relative.

The second ground is that the county court had no jurisdiction as to the subject matter. *Acts* 1874–5 *p.* 144 *Sec* 78. *Acts* 1879, *p.* 115 *Sec.* 8 *sub'd* 8. *Acts* 1875, *p.* 67, *Sec.* 41.

Thirdly, it was claimed by appellants that the county had no interest and was an improper party to the proceeding. The school tax by the acts referred to must be levied by the county court and collected like any other tax. The only forum authorized to make the settlement was the County Court. 14 *Ark.*, 170 ; 24 *Id.*, 143.

Lastly it is assumed that the county had no legal capacity to sue. It is assumed that this is a suit brought and prosecuted by a county instead of a settlement under statute by the County Court. The act Feb. 27, 1879 had no reference to settlements of this character. This settlement was made *with* the sheriff by the clerk, and was conclusive after approval by the court, and spread upon the record. 14 *Ark.*, 170 ; 22 *Id.*, 236 ; 24 *Id.*, 551.

*Certiorari* could not be resorted to to open up the settlement with the sheriff. If there had been error in the settlement the statute provides that it may be corrected on motion at any time within one year. *Gantt's Dig.*, *Sec.* 5280.

The defendants had a right to appeal and if denied them by the county judge, could have obtained it by *mandamus* or could have obtained an appeal by application to the clerk of the circuit court. *Gantt's Dig.*, *Sec.* 1193, 1057.

It is not enough that a party may have been deprived of an appeal ; he must also show that there is error in the record or the court cannot quash upon *certiorari*. 23 *Ark.*, 107; 21 *Ark.*, 426; 17 *Ark.*, 440; *McCoy v. Co.*

Pettigrew et al v. Washington County.

*Court Jackson Co.*, 21 *Ark.*, 475; *Jefferson Co. v. Hudson*, 22 *Ark.*, 595.

If the case is to be made out by collateral facts *certiorari* will not lie. 29 *Ark.*, 179; 21 *Ark.*, 426.

It is assumed that the collector's bond was *joint* and not *several*. The record shows nothing of the kind, and such is not the case. If the action may be joint or several the judgment may be quashed as to some and affirmed as to others. *Freeman on Judgments*, 136; 11 *N. Y.*, 294–301; 10 *Ohio St.* 451; 24 *Ohio St.*, 87–96.

Our statute has made all joint obligations the same as joint and several, and all or a part may be sued, and if all are sued judgment may be rendered against all or a part. *Gantt's Digest* 3587, 4480, 4479, 4702, and 4704.

Smith, J. By a settlement had by the county clerk with the collector of the revenue of Washington County, for the year 1879, it was ascertained that special school taxes belonging to various school districts, aggregating more than $2,300, had gone into the hands of the collector, but had not been paid into the county treasury. A *scire facias* was issued against him and his sureties to appear in the County Court and show cause why judgment should not be rendered against them, for the amount of the defalcation. They appeared and by demurrer questioned the jurisdiction of the Court. This point being determined against them, they answered. A trial was had and judgment rendered in favor of Washington County.

It was sought to quash this judgment upon *certiorari*. 1. CER-This writ cannot be used as a substitute for appeal for TIORARI: No substitute for appeal, the mere correction of errors of an inferior court. *Haynes v. Semms*, 39 *Ark.*, 399 and cases cited.

It was alleged in the petition and found as a fact, that the petitioners had lost their right of appeal from said judgment without laches or fault on their part. The judgment was rendered at the July term 1882 of the Washington County Court. The law then in force required the appeal to be taken at the same term or the next succeeding term. *Gantt's Dig. Secs.* 705, 1193. An appeal was prayed orally at the July term, and in writing at the next term, and an appeal bond was filed, which the court disapproved because it was executed only by the defendants in the judgment, without sureties. However, no action was had as to the grant or refusal of the appeal. The application was set down for hearing at 9 A. M. of a certain day, at which time counsel attended, but the court had adjourned an hour before to the next regular term.

2. Manda-mus to compel court to grant appeal.

Now the right to appeal being absolute, without regard to merits, if the County Court refused to grant the appeal, or to act upon the application, the remedy was by mandamus to compel it to discharge a plain duty, in the performance of which it was invested with no discretion. Nor was this remedy an ineffectual one, by reason of the fact that the County Court had finally adjourned for the term, and the next term would be too late to appeal; since at a subsequent term it might have been compelled to make the necessary order by a *nunc pro tunc* entry. *McCrary v. Rogers*, 35 *Ark.*, 298.

The circumstances detailed might furnish ground to enjoin the execution of the judgment, if the defendants have any meritorious defense to the action. But nothing is disclosed to invalidate the judgment itself. The court which rendered it had jurisdiction both of the subject matter and of the persons of the defendants. *Gantt's*

Pettigrew et al v. Washington County.

*Dig. Sec.* 5279; *Christian v. Ashley County* 24 *Ark.,* 142 and cases cited.

Sec. 41 of the act of December 7, 1875, is a re-enact- <sub>3 Coun-</sub> ment of Sec. 5422 Gantt's Digest, which requires all taxes <sub>ty Court:</sub> for school purposes voted by any school district to be <sub>collector of</sub> levied by the County Court and to be collected by the <sub>school taxes</sub> same officer, at the same time and in the same manner, as county taxes, and to be paid into the county treasury. The County Court was, therefore, the appropriate forum for adjusting the liabilities of the collector and his sureties for these taxes, and for coercing payment.

But it is insisted that the act of February 27, 1879, deprives counties of their corporate powers, and hence Washington County had not legal capacity to sue. And it is suggested that Sec. 53 of the Act of Dec. 7, 1875, erects each school district into a body corporate.

The school districts are the ultimate beneficiaries of <sub>4. Objec-</sub> the taxes levied for the support of schools. But the law <sub>tions to</sub> contemplates that the proceeds of such levies shall pass <sub>sue.</sub> into the county treasury, there to be disbursed on the warrant of the school directors. To hold that the funds may be intercepted on their way to the county treasury, would disturb the harmony of the system, and introduce confusion. The judgment should have been in favor of the State, the obligee in the collector's bond, or of the county treasurer, the real party in interest. *Hunnicutt v. Kirkpatrick,* 39 *Ark.,* 172. It was in fact rendered in the name of the county upon motion of the treasurer. This was matter of form rather than of substance. And since the objection to the plaintiff's capacity to sue for this demand was not taken either by demurrer or answer, it must be deemed to have been waived. *Gantt's Dig. Sec.* 4567.

Another objection to the judgment was, that the <sub>5. Judge:</sub> <sub>Disqualifi-</sub> <sub>cation of:</sub>

County Judge was the father of one of the defendants, and so disqualified to try the cause. This also was waived by failure to call the atention of the County Court to the fact of disqualification. The defendants were numerous and it cannot be presumed that the presiding judge was aware that his son was a party to the action. *Shropshire v. State*, 12 *Ark.*, 190; *Sweepster v. Gaines* 19 *Id.*, 96.

6. Practice : Judgment against only part of defendants jointly and severally liable.

The Circuit Court quashed the judgment against the son of the County Judge and affirmed it as to the other defendants. This is not an error of which the appellants can take advantage. They were severally as well as jointly liable. The plaintiff could, even after service, have stricken out the name of the judge's son, and have proceeded against them alone. *Freeman on Judgments*, Sec. 136; *Kitchens v. Hutchins*, 44 *Geo.*, 620. And they may recover of him his due proportion of whatever sum they may be compelled to pay.

Affirmed.