## MORROW *v.* WATTS.

### Opinion delivered July 23, 1906.

1. JUDGE—DISQUALIFICATION BY RELATIONSHIP.—At common law a judge was not disqualified by reason of relationship to one of the parties. (Page 58.)

2. JUSTICE OF THE PEACE—DISQUALIFICATION—WAIVER.—Under Kirby's Digest, § 4571, providing that either party to an action before a justice of the peace may take a change of venue from such justice to another justice in the same township by filing an affidavit that the justice is of near relation to the other party, *held* that when a party to an action, knowing that the justice before whom the action is pending is related to the opposing party, permits judgment to go by default, and appeals to the circuit court, he will be held to have waived the disqualification. (Page 59.)

Appeal from Marion Circuit Court; *Elbridge G. Mitchell,* Judge; affirmed.

*Woods Bros.,* for appellant.

1. The justice of the peace was related to appellant by affinity within the fourth degree. 12 Ark. 657. He was therefore disqualified and without jurisdiction to try the case. His judgment was void. Const. art. 7, § 20; Kirby's Digest. § 1526; 48 Ark. 151; 1 Ark. 144; 85 U. S. 457; 12 Am. & Eng. Enc. Law, 311 and notes; 41 L. R. A. 414; 4 Words and Phrases, 3876, 3881.

2. Appellant having been induced to make the purchase through misrepresentation and deception as to the age, character and nativity of the mules, he was entitled to rescind the contract. 8 Am. & Eng. Enc. Law, 635; Bishop on Cont. § 638 *et seq.;* 37 L. R. A. 593; 5 L. R. A. 540; 4 *Ib.* 158; 1 *Ib.* 777; 8 Pet. 244; 8 Wall. 362; 23 How. 172; 71 Ark. 91; 47 Ark. 148; 46 Ark. 337; 43 Ark. 454; 30 Ark. 362.

*J. W. Black* and *Pace & Pace,* for appellee.

1. There was evidence to support the finding of the court, and this court will not disturb it. 60 Ark. 250 and citations.

2. It is probable that the word "justice," found in art. 7, § 20, Const., applies to judges of the Supreme Court, rather than to justices of the peace. The statute, Kirby's Digest, § 4571, providing for change of venue from one justice of the peace to another in case of near relationship, was in force at the time the present Constitution was adopted. This constitutional provision would not deprive the court of jurisdiction, even if the Legislature had fixed the degree of kinship, and the justice were related within that degree. 37 Fed. 252; 12 Ark. 190; 43 Ark. 33.

Hill, C. J. Morrow bought two mules of Watts, and gave his note therefor. Upon default in payment Watts brought suit upon it before J. D. Summers, a justice of the peace of Marion County. Summers's wife was an aunt by marriage of the wife of Morrow. This fact was known to Summers and the parties to said suit. Judgment by default was taken in justice court, and Morrow appealed to the circuit court. Morrow made a motion to dismiss the action for want of jurisdiction, setting forth the relationship of the justice of the peace to his (Morrow's) wife. This was overruled, and the case went to trial on an issue of fact. Morrow contended that the mules were warranted to be natives of Boone County, Arkansas, and three years old, and that one of them proved to be four years old, and both were natives of Western Texas. There was evidence tending to prove that western mules lacked the sweetness of disposition possessed by Arkansas mules, and were wild and hard to manage, and not so healthy in this climate. This question of fact as to the warranty was decided against appellant by the judge sitting as a jury. Having evidence to support it, the finding on this issue can not be disturbed.

Quite a troublesome question is raised as to the proceeding before the justice of the peace. The argument is that the relationship of the justice of the peace to the defendant rendered the judgment void; that the justice had no jurisdiction, and the circuit court could acquire none on appeal.

There is much conflict in the authorities as to whether a judgment rendered by a disqualified judge is void or voidable:

some holding it is mere error, while others hold it renders the judgment void and subject even to collateral attack. 17 Am. & Eng. Enc. pp. 742, 743, 1066. A like diversity of opinion exists as to whether the disqualification of a justice of the peace can be waived, in the absence of statutory authority for the waiver. 18 Am. & Eng. Enc. p. 43. By common law interest in the subject-matter was ground of disqualification, but relationship to a party was not a disqualification. 17 Am. & Eng. Enc. p. 733. In fact, aside from disqualification for interest, the various matters disqualifying judges must be looked for in statutes and Constitutions.

The Constitution of 1874 says: "No judge or justice shall preside in the trial of any cause in the event of which he may be interested, nor where either of the parties may be connected with him by consanguinity or affinity, within such degree as may be prescribed by law; or in which he may have been of counsel or have presided in any inferior court." Art. 7, § 20. It will be noticed that the disqualifying degree of relationship by consanguinity or affinity is left to the General Assembly, and not fixed by the Constitution, and there has been no legislation on the subject since the adoption of the Constitution. It is also a controverted question herein whether "justice" in this clause refers to justices of the peace.

The Revised Statutes contained this act:

"No judge of the circuit court, justice of the county court, judge of the court of probate, or justice of the peace shall sit in the determination of any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or shall have been of counsel, without the consent of parties." Chap. 43, § 24.

In English's Digest (1848), this section is divided: One part appearing in the chapter on courts of record, ch. 50, § 16, where justice of the peace is omitted, and the part relating to justices of the peace appears in chapter relating to justices of the peace. Ch. 95, § 7.

In Gould's Digest (1858), the statutes appear as in English's, being ch. 50, § 16 and ch. 99, § 7, respectively.

In Gantt's Digest (1874), the phraseology is changed in the section relating to judges of courts of record, and it appears:

"No judge of the circuit court" shall sit, etc. Gantt's Digest, §
1159.

In Mansfield's Digest it appears as "no judge shall sit," etc.
Mansf. Digest, § 1471. The subsequent digesters have followed
Judge Mansfield's text. Sandels & Hill, § 1302; Kirby's Digest,
§ 1526.

The part of the original section relating to justices of the
peace is dropped in Gantt's Digest, and does not appear in any
subsequent one. The only reason to be found for the omission
of the section relating to them is found in the act of April 29,
1873, entitled "An act to define the jurisdiction and regulate
the course of procedure in courts of justices of the peace in civil
actions." The whole subject-matter was covered by this legisla-
tion, and among other provisions is one providing where the
justice before whom the suit is brought is "of near relation'" to
one party, the other may make the same cause for change of
venue. This is Kirby's Digest, § 4571. This act is doubtless
the cause of the authors of Gantt's Digest omitting the section of
Rev. Stat. relating to disqualification of justices of the peace,
and subsequent digesters have accepted the text of their prede-
cessors, which is the rule unless an error is discovered or the law
is changed.

Whatever may be the effect generally of the act of 1873
on the disqualification of justices of the peace, certainly as to
the disqualification for near relationship it merely makes it
ground for change of venue, and not ground to avoid the judg-
ment.

The original act, even if in force, provided that the dis-
qualification could be waived by consent; and when a party,
knowing the relationship, permits judgment to go by default, and
does not raise the question of jurisdiction until in the circuit
court, he may well be held to have consented to the proceeding
in the justice court. In *Pettigrew* v. *Washington County,* 43
Ark. 33, a failure to call the county judge's attention to the fact
that his son was one of numerous defendants in a certain case
before that court was held to have been a waiver of the disquali-
fication.

Taking any view of the judgment, it was not without the jurisdiction of the justice of the peace to render it, and the circuit court acquired jurisdiction on appeal.

Judgment affirmed.