NOWLIN v. KREIS.

4-8681                                            214 S. W. 2d 221

Opinion delivered October 25, 1948.

*Ben C. Henley* and *W. F. Reeves,* for appellant.

*Arthur N. Wood,* for appellee.

ED. F. McFADDIN, Justice. Appellees filed petitions in the County Court of Marion county, on May 10, 1948, praying for a local option election under the provisions of Initiated Act No. 1 of 1942.* The present appellants

---

* This Act may be found on page 998 of the bound volume of Acts of 1943. The Act has been before this Court in numerous cases, some of which are listed in *Tollett* v. *Knod,* 210 Ark. 781, 197 S. W. 2d 744.

appeared as remonstrants in the County Court, on May 20, 1948, and challenged the sufficiency of the petitions. There was a hearing in the County Court presided over by County Judge Burl King; and the petitions were held sufficient. The remonstrants then appealed to the Circuit Court for trial *de novo* as provided by law.

On June 10, 1948, in the Circuit Court, the said remonstrants filed a pleading in which they alleged that County Judge Burl King had signed one of the petitions for the local option election, and that about twenty of Judge King's relatives (each within the fourth degree of consanguinity or affinity) had likewise signed the petition. The remonstrants claimed that the signing of the petitions by Judge King and his relatives made Judge King disqualified (under Art. 7, § 20 of our Constitution) to preside over the County Court in the hearing on the sufficiency of the local option petitions; and—said the remonstrants—the County Court as so constituted had no jurisdiction to consider the petitions, and therefore the Circuit Court acquired no jurisdiction on appeal. The motion also stated that the movants (*i e.,* remonstrants) did not know until after the County Court hearing that either Judge King or his relatives had signed the petitions for the local option election. The prayer was that the petitions be dismissed. The Circuit Court overruled the motion of the remonstrants; and the correctness of that ruling is the sole question on this appeal.

The disqualification of the Judge may be waived by failure to seasonably object. *Washington Fire Ins. Co. v. Hogan,* 139 Ark. 130, 213 S. W. 7, 5 A. L. R. 1585. We hold that the appellants in the case at bar should have presented *in the County Court* their motion to disqualify Judge King, and that such failure constituted a waiver of the claimed disqualification. That Judge King had signed the petition was a patent fact—*i. e.,* apparent on the face of the petition—and not a latent fact that might not have been discovered with the exercise of due diligence. In *Byler* v. *The State,* 210 Ark. 790, 197 S. W. 2d 748, in discussing the disqualification of the Trial Judge by reason of relationship, we said: "There was no lack of diligence on appellant's part in making the discovery.

If appellant had been aware of this fact before his trial, he could 'not' thereafter raise the question, as the law would not allow one to speculate on the outcome of the trial, and thereafter take advantage of a fact known to, but not raised by him until after an adverse verdict had been returned. *Morrow* v. *Watts,* 80 Ark. 57, 95 S. W. 988.''

In the case at bar the movants, with the exercise of due diligence, could and should have seen that Judge King's name was on the petition as it was the fourth name on the first petition; and the movants' failure to file *in the County Court* the motion for disqualification constituted a waiver of the alleged disqualification.

Whether Judge King was disqualified because of signing the petition is a question we need not decide. Some cases hold that the signing of a petition for a local option election does not disqualify the Board or official who is later to pass on the petition. See *Galey* v. *Board of Commissioners,* 174 Ind. 181, 91 N. E. 593, Ann. Cas. 1912C, 1099; *Lemon* v. *Peyton,* 64 Miss. 161, 8 So. 235; *Hunter* v. *Senn,* 61 S. C. 44, 39 S. E. 235. See, also, 30 Am. Juris. 778. Other cases hold *contra* to the above. *Rosenberg* v. *Rohrer,* 83 Nebr. 469, 120 N. W. 159, and cases cited in the annotation in Ann. Cases 1912C, 1092. It would, of course, be better practice for the County Judge not to preside in a case where he had signed the petition as his interest might be more than that of an ordinary citizen or taxpayer, which was the interest discussed in *Foreman, et al.* v. *Town of Marianna,* 43 Ark. 324, and *Osborne* v. *Board of Improvement,* 94 Ark. 563, 128 S. W. 357. However, this need not be further discussed since we hold that the alleged disqualification of Judge King was waived. Affirmed.

The Chief Justice concurs.