UNION PAVING COMPANY, Appellant,

v.

DOWNER CORPORATION, Appellee.

No. 16465.

United States Court of Appeals
Ninth Circuit.
March 14, 1960.

Everett S. Layman, Kenneth S. Carey, San Francisco, Cal., for appellant.

Forrest E. Macomber, Gordon J. Aulik, Stockton, Cal., Arthur J. Lempert, San Francisco, Cal., for appellee.

Before HEALY, CHAMBERS, and HAMLIN, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order of the district court finalized pursuant to Federal Rule of Civil Procedure 54(b), 28 U.S.C.A., dismissing appellant's sixth counterclaim against appellee. Appellee's motion to augment the record on appeal is granted.

The facts in the case are these: Appellee and appellant joined together in a joint venture for the purpose of constructing a sanitary sewage system in a subdivision of Bakersfield, California. In the course of this work it became necessary to purchase a used sludge pump to test the project's disposal plant. Through the efforts of one R. E. White a used sewage system which included such a pump was obtained. This used system was paid for one-half by White and one-half by the joint venturers on the Bakersfield project, appellant and appellee. Unfortunately the Bakersfield joint venture terminated in litigation, appellee suing appellant in federal court for an accounting. Appellant's sixth counterclaim, the one here in question, alleged that appellee had converted to its own use the above mentioned used sewage system. Prior to appellee's federal action White had brought suit in state court seeking to quiet title to the used sewage system and had joined both appellant and appellee as defendants. Appellant had there cross-claimed against both appellee and White for the alleged conversion of the used sewage equipment. This state litigation was pending at the time the federal action was initiated.

The district court dismissed appellant's counterclaim for conversion of the used equipment on the grounds that it was neither permissive under Federal Rule of Civil Procedure 13(b) nor compulsory under Rule 13(a). The pertinent parts of Rule 13 are set out below.[1]

---

1. "Rule 13. Counterclaim and Cross-Claim
   "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the trans-action or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated

The court held that the counterclaim was one arising out of the transaction or occurrence which was the subject matter of the plaintiff's claim and so could not be a permissive counterclaim. Nor could it be a compulsory counterclaim, said the court, for it stated a cause of action which was the subject of pending state litigation at the time the federal action was begun. Therefore, the court concluded, the counterclaim could not be pleaded.

■ The district court correctly found that there was a very definite logical relationship between the counterclaim and the main action and that consequently both claims must be deemed to have arisen out of the same transaction or occurrence. Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750; Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 975. Rule 13(b) is therefore inapplicable. See footnote 1, supra.

However, we believe the district court was mistaken in holding that Rule 13(a) precludes a defendant from pleading as a counterclaim a cause of action arising out of the same transaction or occurrence as the main action but which at the time suit was initiated was also the subject of pending state litigation.

■ Rule 13(a) provides that any causes of action which a party has against his opponent and which arise out of the same transaction or occurrence as the opponent's claim must be pleaded as counterclaims in a federal action. See footnote 1, supra. Such pleading is compulsory. If a party fails to plead these causes of action as counterclaims, he is held to have waived them and is precluded by res judicata from ever suing upon them again. Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 115 F.2d 45, 47; E. J. Korvette Co. v. Parker Pen Co., D.C., 17 F.R.D. 267. The apparent purpose of such compulsion is to prevent a multiplicity of lawsuits. See 3 Moore's Federal Practice (2d ed.) § 13.12. There is, however, an exception to this waiver rule. When the cause of action which would otherwise of necessity be pleaded as a compulsory counterclaim under Rule 13(a) is also the subject of pending litigation in another court—litigation which had been commenced before the instant action—waiver will not result from the failure to counterclaim the cause of action in question and the failing party will not thereafter be barred by res judicata. See Esquire, Inc. v. Varga Enterprises, Inc., 7 Cir., 185 F.2d 14. The purpose of this exception is seemingly to prevent one party from compelling another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned. The language of the exception clause in Rule 13(a)—"such a claim *need not* be so stated [as a counterclaim] if at the time the action was commenced the claim was the subject of another pending action"—seems clearly permissive. [The italics are ours.] The exception enables a party to escape the waiver rule if he has already begun his action in another forum of his own choosing. It does not preclude him from electing instead to counterclaim his cause of action in the instant case.[2]

if at the time the action was commenced the claim was the subject of another pending action.

"(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. * * * "

2  In Meyercheck v. Givens, 7 Cir., 1950, 186 F.2d 85, the court affirmed a judgment refusing to allow a counterclaim by defendant for the reason that no pleading in the form of a counterclaim was ever made. The court noted in dictum, however, that the defendant had pending another action in another court for the same grievance upon which he sought to counterclaim. We believe little weight should be given to this language. On the other hand, Professor Moore clearly indicates that while a party need not plead a counterclaim which would be compulso-

 This conclusion is reinforced by the fact that under Rule 13(b) pending litigation on the same cause of action has no effect on the ability to plead a permissive counterclaim. Thus, under the district court's theory, a cause of action which did *not* arise out of the same transaction or occurrence as the main claim could be pleaded as a counterclaim under Rule 13(b) even though the counterclaim was the subject of another pending action; but a claim so closely connected with the main action that it would otherwise be a compulsory counterclaim subject to waiver under Rule 13(a) cannot be pleaded at all if it is the subject of another pending action. Such a result is wholly unreasonable. We conclude, therefore, that appellant's sixth counterclaim in the present case may be pleaded under Rule 13(a).

Appellee attempts to justify the dismissal of the counterclaim in question on the grounds that it necessitates the joinder of an allegedly indispensable party, the aforementioned R. E. White, and that such joinder would destroy the diversity jurisdiction of the district court. The alleged indispensability is predicated solely on the fact that White was a joint venturer in the purchase of the used sewage equipment. This fact does not at all demonstrate that White is indispensable to the adjudication of appellant's counterclaim. Contrarily, it indicates, if anything, that White's connection with the alleged conversion is as a joint tort-feasor. And it is well established that a joint tort-feasor is not an indispensable party. Consult Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co., 9 Cir., 1953, 206 F.2d 336. Furthermore, in the present case the counterclaimant and White are of diverse citizenship; appellant is a Nevada corporation and White is a citizen of California. In such a case there is no doubt of jurisdiction. See Lesnik v. Public Industrials Corp., D.C., 51 F.

Supp. 989, 993; 3 Moore's Federal Practice (2d ed.) § 13.39, n. 11. And in any event, when a counterclaim is closely connected to the main action and thus may be pleaded under Rule 13(a), diversity jurisdiction is not destroyed by a lack of diversity between the counterclaimant and any third party against whom he may move. See United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213, 216–217; Mayer v. Chase National Bank of City of New York, D.C., 165 F.Supp. 287, 291.

The judgment of the district court is reversed.

ry but for the fact that it was the subject of another pending lawsuit, he is permitted to do so under Rule 13 if he so desires, "since the exception runs in

[his] favor and hence he should have the option" to counterclaim or not. 3 Moore's Federal Practice (2d ed.) § 13.-14[2].