IN THE MATTER OF CLIENT SECURITY FUND

73-91                    493 S.W. 2d 422

PER CURIAM
April 30, 1973

*Henry Woods, James M. Moody,* and *W. J. Williams, Jr.,* for petitioners.

It is hereby ordered that the Client Security Fund be created, to be administered by a special committee of the State Bar of Arkansas, for the purpose of protecting clients from losses caused by the dishonest conduct of members of the State Bar of Arkansas.

1. *Committee appointed—quorum.* The Court shall appoint a committee of five lawyers, one from each Congressional District and one from the State at large, to serve at the pleasure of the Court. The member first appointed from the First Congressional District shall serve a term of one year from the date of his appointment, the first member from the Second Dstrict, two years, the first member from the Third District, three years, the first member from the Fourth District, four years and the first member from the state at large, five years. The successors to the members first appointed shall be appointed for terms of five years each. The Committee shall select one of its members as chairman and another as secretary, and shall adopt rules governing its procedures, which rules shall be subject to approval by this Court. A majority shall constitute a quorum.

2. *Authority to issue summonses and subpoenas— Disobedience thereof contempt of Court.* The name of the Committee shall be "The Client Security Fund Committee" (hereinafter called the "Committee"). The Committee shall provide for its use a seal of such design as it may deem appropriate, and in the performance of duties

imposed by the rules of this Court and by its own regulations in aid of the Court's rules, shall have authority to issue summonses for any person or subpoena for any witness, directed to any sheriff or state police officer within the state, requiring the presence of any party or the attendance of any witness before it. Such process shall be issued under the seal of the Committee and signed by the Chairman or Secretary thereof. Disobedience of any summons or subpoena or refusal to testify shall be regarded as constructive contempt of the Supreme Court.

3. The Committee is authorized to consider claims for reimbursement of losses from defalcations occurring after the effective date of this Order, and caused by the dishonest conduct of a member of the State Bar of Arkansas, acting either as a lawyer or as a fiduciary in the matter in which the loss arose, except to the extent to which they are bonded or to the extent such losses are otherwise covered, provided such member has been disbarred or suspended from the practice of law, or has voluntarily resigned from the practice of law. However, before the Committee shall have jurisdiction to consider such claim, the matter must have been specifically referred to it by the Committee on Professional Conduct. At that time the Executive Director of the Committee on Professional Conduct shall prepare a summary of the evidence indicating the amount of loss due to the dishonesty of the lawyer. In the event a claim is filed against the fund, the Committee shall proceed to determine the true amount of the loss and whether it should be paid. No claim shall be accepted or recognized until the matter has been certified to the Client Security Fund Committee by the Committee on Professional Conduct. The Committee shall be authorized and empowered to admit or reject such claims in whole or in part to the extent that funds are available to it, and the Committee shall have complete discretion in determining the order and manner of payment of claims. No claim shall be allowed for an amount in excess of $5,000.00. All reimbursements shall be a matter of grace and not of right and no client or member of the public shall have any right in the Client Security Fund as third party beneficiary or otherwise. No attorney

shall be compensated for prosecuting a claim against the Fund.

4. *Expenses of Committee provided for.* From the fund created, members of the Committee shall be entitled to receive their actual necessary travel and hotel expenses, reimbursement for postage, stationery, communication, and other incidental expenses, including stenographic bills and court costs chargeable against them. All such items shall be paid by the Clerk of this Court by check on said Fund, signed by the Clerk and countersigned by the Chief Justice. Accounts must be itemized and certified by the Chairman and Secretary of the Committee as true and correct.

5. The Committee may authorize payment from the Client Security Fund as provided herein. If the Committee finds, by a majority vote, that the claimant is entitled to payment from the fund, it may determine the amount of any payment to be made to the claimant from the fund. A report, approving payment of any claims, shall be signed by a majority of the Committee members, and filed with the Clerk of this Court. Upon receipt of the aforesaid report, the Clerk will issue check signed by the Clerk and countersigned by the Chief Justice for payment to the claimant from the Client Security Fund.

6. The Committee shall provide a full report of its activities at least yearly to this Court and it shall make such other report of its activities and give only such publicity to same as the Court may deem advisable.

7. This Court may at any time amend this Order or abolish the Committee. In the event of such abolition, all assets of the Fund shall be transferred to the Bar Rules and Examiners Fund, now being carried in an account entitled Bar of Arkansas.

8. Payment shall be made from the Fund only upon condition that the Fund receive a pro-tanto assignment from the claimant for such payment of the claimant's rights against the lawyer involved, his personal representatives, his estate and assigns on condition that

the Fund shall be entitled to reimbursement on such terms as the Committee may deem proper under the circumstances. Any sums collected by reason of such subrogation shall be for the sole benefit of the Fund and applied thereto.

9. The Client Security Fund shall be financed by voluntary contributions from members of the Arkansas Bar and by a transfer of an equal amount, not to exceed $10,000.00, from the surplus derived from the annual license fees of attorneys collected prior to January 1, 1972. Beginning with the year 1974, $2.00 of the annual license fee paid by each attorney to the Clerk of this Court shall be credited to the Client Security Fund until further Order of this Court. The Committee shall have available to it the services of the employed personnel of the Supreme Court Committee on Professional Conduct.

This order shall be effective on May 21 in the absence of showing of good cause why it should not become final.