James R. BRASWELL et ux *v.*
Albert GEHL et ux

78-9                                    567 S.W. 2d 113

Opinion delivered June 19, 1978
(Division I)

*Howell, Price, Howell & Barron, P.A.,* for appellants.

*Brazil & Roberts,* for appellees.

FRANK HOLT, Justice. Appellees brought suit in Faulkner County Circuit Court to evict appellants for non-payment of rent on premises leased to them. Appellants answered and counterclaimed for damages, alleging that appellees had breached the lease agreement. Appellees moved to dismiss appellants' counterclaim on the basis that the same issues were involved in a pending action in Pulaski Chancery Court. Appellees also moved for judgment on the pleadings or summary judgment on the ground that appellants, in their responses to the requests for admissions, admitted they had been in arrears in their rent payments which under the lease agreement voided the lease. The trial court granted both motions. After a hearing, the court denied appellants' motion to vacate the order. Appellants first contend the court erred in denying their motion to vacate the order which granted appellees' motion for summary judgment. Appellants assert they were not given adequate time to respond to the motion and they had a meritorious response to it.

Here appellees filed their motion for summary judgment on May 31, 1977. The motion included a notice that a hearing was to be held on June 3 at 9 a.m. The motion was mailed to appellants' attorney on June 1 and received by him on June 2. On June 2, rather than on June 3 as stated in the motion, in the absence of appellants' attorney, the trial court heard and granted appellees' motions for summary judgment and dismissed appellants' counterclaim.

Ark. Stat. Ann. § 29-211 (c) (Repl. 1962) provides that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." We have stated that these notice requirements "are not mere formalities and should not be treated so lightly as to deprive a party of an opportunity to present rebutting evidence and argument." *Purser* v. *Corpus Christi St. Nat'l Bank,* 258 Ark. 54, 522 S.W. 2d 187 (1975). See also *Sikes* v. *Segers,* 263 Ark. 164, 563 S.W. 2d 441 (1978). Appellees argue that even if there was error in the failure to give appellants adequate notice, they were not prejudiced because regardless of what proof appellants may have presented, the court would have no choice but to grant their motion as a matter of law since appellants were admittedly in arrears on their rent. In regard to the required showing of prejudice, we stated in *Purser* v. *Corpus Christi St. Nat'l. Bank, supra,* that where "[t]here was error in the premature entry of the judgment . . . . unless it is manifest that the error is not prejudicial, we should reverse." Here although appellants admitted they failed to make rent payments, they, also, in their responses to appellees' requests for admissions of fact, stated that they had "tendered full payment of their rental obligation and any arrearage which did occur was a result of a bona fide error of which circumstances plaintiffs are aware." Further, in their answer, appellants asserted that the appellees were "merely attempting to take advantage of" the error "in order to unjustifiably remove defendants from the property. . . . "

We have stated that "[a] motion for a summary judgment is an extreme remedy" and "where the evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypothesis might reasonably be drawn and reasonable men night differ, then a motion for

summary judgment is not proper." *Deltic Farm & Timber Co. v. Manning, Adm'x.,* 239 Ark. 264, 389 S.W. 2d 435 (1965). Here the assertions made by appellants in their answer and responses to appellees' requests for admissions reveal aspects which could reasonably vitiate their failure to make rent payments, particularly if they had been given the opportunity to develop them by affidavits or other evidence at the hearing on the motion for summary judgment. In the circumstances, we cannot say that it is manifest that appellants were not prejudiced. Accordingly, the court erred in prematurely entering summary judgment against appellants and denying their motion to vacate the court's order.

Appellants also assert the court erred in not vacating its order dismissing their counterclaim. We agree. Appellees moved for dismissal of the counterclaim pursuant to Ark. Stat. Ann. § 27-1115 (3) (Repl. 1962) on the ground that the "allegations set forth in the counterclaim . . . . are presently being litigated in the Chancery Court of Pulaski County . . . . " Appellants responded, *inter alia,* that the litigation in Pulaski Chancery Court sought injunctive relief. Appellants insist that their counterclaim in the case at bar was filed to recoup their business investment and solely because appellees' present action against them jeopardized that investment. Further, their counterclaim was a "substantially different" action than the case in Pulaski Chancery Court. Here appellees' motion to dismiss and appellants' response created a factual dispute as to whether the objects of the two suits were the same. It, also, appears that when the trial court dismissed appellants' counterclaim on June 2 and when it denied appellants' motion to vacate that order, it had before it neither the pleadings in the chancery case nor any other evidence.

It is well settled that if the objects of the two suits are different, they may progress at the same time although they are between the same parties and involve the same subject matter. *Wilson v. Sanders,* 217 Ark. 326, 230 S.W. 2d 19 (1950); and *Garabaldi v. Wright,* 52 Ark. 416, 12 S.W. 875 (1889). We have also held "that a judgment relied upon as a bar to an action could not be considered unless introduced into evidence" and "courts cannot take judicial notice of their

own records in other causes pending therein, even between the same parties" nor of the record and proceedings of other courts. *Southern Farmers Assn., Inc.* v. *Wyatt,* 234 Ark. 649, 353 S.W. 2d 531 (1962). We elaborated on this principle of law in *Wirges* v. *Arrington,* 239 Ark. 1047, 396 S.W. 2d 292 (1965), stating that "though some jurisdictions will take judicial notice of the pendency of more than one suit on the same subject matter, this procedure is not permissible in Arkansas." It follows the trial court erroneously dismissed appellants' counterclaim.

Appellants next contend the trial judge should have disqualified himself because he was the father-in-law of the appellees' attorney. Ark. Stat. Ann. § 22-113 (Repl. 1962) provides:

No judge of the circuit court, justice of the county court, judge of the court of probate or justice of the peace, shall sit on the determination of any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, . . . . without consent of parties.

Our decisional law has required the filing of a motion to disqualify or an objection at trial to preserve the issue for appeal; otherwise, it is waived and when it is raised for the first time on appeal, it cannot be considered. *Carr* v. *City of El Dorado,* 217 Ark. 423, 230 S.W. 2d 485 (1950); *Washington Fire Ins. Co.* v. *Hogan,* 139 Ark. 130, 213 S.W. 7 (1919); and *Pettigrew et al* v. *Washington County,* 43 Ark. 33 (1884). Here there was no request made that the judge disqualify. However, Canon 3C of our recently approved Code of Judicial Conduct provides:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(ii) is acting as a lawyer in the proceeding;

We have interpreted this provision of the Code of Judicial

Conduct in *Edmondson* v. *Farris*, 263 Ark. 505, 565 S.W. 2d 67 (1978). There, as here, we reversed on another issue. Nevertheless, we issued a clear-cut caveat which we reinterate.

> In cases arising in the trial court after this date, we construe our rule to require the judge to note his disqualification without any request by a trial lawyer.

Therefore, upon a retrial, no affirmative action or request on the part of the trial counsel is necessary.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.