## Carl Fax ADAMS *v.* STATE of Arkansas

CR 79-189                                   601 S.W. 2d 881
Supreme Court of Arkansas
Opinion delivered July 7, 1980

*Mickey Buchanan*, for appellant.

*Steve Clark*, Atty. Gen., by: *Ray Hartenstein*, Asst. Atty. Gen., for appellee.

CORE, BEN, Special Justice. this appeal requires this Court to decide several questions relating to the interpretation and application of the Code of Judicial Conduct. That Code was promulgated by the House of Delegates of the American Bar Association on August 16, 1972, and was declared by this Court to constitute proper standards for conduct of the judiciary for the State of Arkansas. This was done by per curiam order (Justice Byrd dissenting), 255 Ark. 1075, 493 S.W. 2d 422 (Appendix) (1974). We have since considered the Code in two decisions, *Edmonson v. Farris*, 263 Ark. 505, 565 S.W. 2d 617 (1978) (reversed on other grounds) and *Braswell* v. *Gehl*, 263 Ark. 706, 567 S.W. 2d 113 (1978) (reversed on other grounds).

The circumstance which makes the Code pertinent in this case is that the Appellate, Carl Fax Adams, was charged by prosecuting attorney information with two serious felonies, arraigned on the same and pleaded guilty, in a proceeding wherein the prosecuting attorney was the nephew of the presiding judge. The nephew-uncle relationship is one which falls within Canon 3C and the Circuit Judge did not disqualify and neither did he follow the procedure prescribed by Canon 3D. No request was ever made at any stage of the proceeding by the Appellant that the Judge disqualify or comply with Canon 3D and no objection was made at any stage to his failure to do so.

We hold that Canon 3C is applicable in criminal cases as well as civil cases, that it is applicable at the arraignment stage of a criminal proceeding, that it applies even though the prosecuting attorney and circuit judge each is a duly elected public official, that no request to disqualify and no objection for failure to disqualify is necessary to be made either by a trial attorney or by a party representing himself, that the trial

judge must take the initiative to disqualify or, in the alternative, to comply with the procedure set out in Canon 3D, that this Court can, on its own initiative, examine the record to notice compliance or noncompliance, and that failure to comply is reversible error. Accordingly, we reverse and remand this case with instructions that the Appellant be arraigned again on the charges, such proceedings and subsequent proceedings to be consistent with this opinion.

Canon 3C provides in pertinent part as follows:

## C. DISQUALIFICATION.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

\* \* \* \*

(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

\* \* \* \*

(ii) is acting as a lawyer in the proceeding;

\* \* \* \*

In our opinion in *Edmonson* v. *Farris*, *supra*, which was rendered May 22, 1978, we announced the following caveat:

"In cases arising in the trial court after this date, we construe our rule to require the judge to note his disqualification without any request by a trial lawyer."

If a party is not represented by a lawyer, then our statement would necessarily be applicable to the party and no such request would be required of him.

In *Edmonson* v. *Farris, supra,* we noted the alternative to disqualification provided in Canon 3D, which reads:

A judge disqualified by the terms of Canon 3C(1)(d) may, instead of withdrawing from the proceeding, disclose on the record the basis of his disqualification. If, based on such disclosure, the parties and lawyers, independently of the judge's participation, all agree in writing that the judge's relationship is immaterial or that his financial interest is insubstantial, the judge is no longer disqualified, and may participate in the proceeding. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding.

As previously noted, appellant never at any time requested the trial judge to comply with Canon 3C or 3D and never at any time objected to his failure to do so. Appellant was not represented by an attorney at the arraignment, but was represented by an attorney at the hearing on his motion for postconviction relief. Neither the appellant nor his attorney made any request for compliance with Canon 3C or 3D at that hearing where, again, even though the Circuit Judge was different, the relationship of nephew-uncle still existed. Neither was any objection made by the appellant or his attorney to failure to comply with Canon 3C or 3D at the hearing on the motion for postconviction relief. Appellant is represented by a different attorney on this appeal but still no objection has been made on the appeal to the failure of the trial judge at the arraignment to comply with Canon 3C or 3D, although an objection is made for the first time on his appeal to the failure of the circuit judge who presided at the hearing on the motion for postconviction relief under Rule 37, Arkansas Rules of Criminal Procedure, to comply with Canon 3C.

We regard these failures to request compliance and object to non-compliance as being immaterial because the sense of Canon 3C is that the judge should take the initiative under Canon 3C, and also under Canon 3D if the judge elects to take advantage of the Canon 3D procedure.

The commentary following Canon 3D makes a point of the fact that the procedure therein set out is designed to "minimize the chance that a party or lawyer will feel coerced

into an agreement" that "the judge's relationship is immaterial." If requiring a request to disqualify is coercive then likewise requiring an objection would be coercive. Thus, if a request to disqualify is not required then neither should an objection for failure to disqualify be required. If no objection is required then it follows necessarily that the point of failure to comply is preserved for appeal even without an objection. It then further follows that when an eappeal is lodged in this court under any appropriate rules providing therefor and this court finds from the record that there were circumstances requiring compliance with either Canon 3C or Canon 3D and that there was a failure to do so, then this court must notice the same *sua sponte*.

The fact that the prosecuting attorney and circuit judge each is elected by the voters of the judicial district does not alter the fact that the prosecuting attorney appears as attorney for the state and that the state is an adversary party to the defendant in criminal cases. Thus we can find no reason to distinguish cases where the attorney client relationship comes into being by popular election from those where it arises by private employment.

All that we have said concerning the taking of the initiative by the trial judge on Canon 3C applies with equal force as to Canon 3D. If a judge disqualifies under Canon 3C then, of course, Canon 3D never comes into play. However, if a circumstance arises to which Canon 3C is applicable, then the judge must disqualify on his own initiative or must comply with Canon 3D on his own initiative. In *Edmonson* v. *Farris, supra*, we stated that this rule applied "in cases arising in the trial court after this date," meaning the date of the opinion in that case, which was May 22, 1978. The record discloses that the arraignment involved in this case occurred October 27, 1978, which is, of course, after the effective date and within the caveat of *Edmonson* v. *Farris, supra*.

The two prior decisions of this court construing Canon 3C were civil cases. This is a criminal case. We regard that as immaterial. Since criminal cases ordinarily involve life or liberty or both, with civil cases ordinarily involving property and with life or liberty ordinarily being considered more

precious than property, if the rule is applicable to civil cases then *a fortiori* it must also be applicable to criminal cases.

If any objection should be made that this holding effectively prescribes a new rule of criminal procedure, nevertheless this court is authorized to prescribe rules of pleading, practice or procedure with respect "to any and all proceedings in criminal cases." Act 470 of 1971, compiled as Arkansas Statutes (1947) Annotated, Sections 22-242 through 22-244 (1979 Cumulative Pocket Supplement, 1962 Replacement Volume 3).

It is not required that the proceedings on a criminal charge have progressed to the point of commencing a trial before compliance with Canon 3C or 3D is required. An arraignment, even though it is an initial part of a criminal judicial proceeding, nevertheless determines subsequent procedures for ascertaining innocence or guilt and is a critical stage of the proceeding and should be preceded by compliance with Canon 3C or 3D.

While we are reversing this case on an error which we find to have been made by The Honorable Bobby Steel, now deceased, who served the Ninth Judicial Circuit as Circuit Judge for 24 years, we are constrained to say that we wish to imply no criticism of Judge Steel. The rule under which we reverse was not only new at the time of this arraignment but had never been applied in a criminal case.

It follows that a case must be and is hereby reversed and remanded with instructions that the appellant be again arraigned on the two charges of Battery in the First Degree and Arson and for further proceedings consistent with this opinion.

FOGLEMAN, C.J., dissents.

JOHN A. FOGLEMAN, Chief Justice, dissenting in part. Appellant's petition for post-conviction relief was based upon two grounds, i.e., that appellant was not afforded the right to have an attorney at his arraignment when he entered a plea of guilty and that he was not advised of the elements of the

offense of first degree battery and arson. On these points, he introduced a transcript of the proceedings during which he was arraigned, entered a plea of guilty and was sentenced. He has never in the circuit court or this court contended that his conviction should be set aside because of the disqualification of the judge who presided at his arraignment and sentencing. The record clearly reflects a knowing and intelligent waiver of the right to counsel, if it is ever possible for one charged with a felony to waive counsel (and, of course, it is). It may well be that no objection is necessary to raise the question of potential disqualification of a trial judge under the circumstances prevailing here, in order to raise the question on appeal, but this is a post-conviction proceeding in a case in which no appeal was taken. Nothing in Rule 37 permits this kind of post-conviction collateral attack. Rule 37.1, Rules of Criminal Procedure, states the grounds for post-conviction relief. they are:

> (a) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or
> (b) that the court imposing the sentence was without jurisdiction to do so; or
> (c) that the sentence was in excess of the maximum authorized by law; or
> (d) that the sentence is otherwise subject to collateral attack;

We have never held that disqualification of a judge in a case deprives the court of jurisdiction or renders a judgment entered while he was presiding subject to collateral attack, unless the judge himself is interested in the "event of the cause." *Ladd* v. *Stubblefield*, 195 Ark. 261, 111 S.W. 2d 555. Even there we said that the act of the judge was not invalid where he exercised no discretion. In *Morrow* v. *Watts*, 80 Ark. 57, 95 S.W. 988, we said that disqualification of judges "for near relationship" was not ground to avoid the judgment. In *Byler* v. *State*, 210 Ark. 790, 197 S.W. 2d 748, on direct appeal, we held that the disqualification was ground for a new trial, when the defendant discovered the disqualifying relationship after trial and made it one of the grounds for his motion for

new trial. Nothing in that opinion indicated that there was a void judgment or any want of jurisdiction.

It is generally held that, at common law the judgment of a disqualified judge is only voidable, not void. Annot. 5 ALR 1588 (1920), 73 ALR 2d 1239, 1272 (1960).

Rule 37 proceedings are closely related to, and a substitute for, habeas corpus. A majority of the decided cases have held that disqualification of a judge does not affect jurisdiction, but is in the nature of an error or irregularity otherwise remedial, and thus not a ground for release on habeas corpus. See Annot. 124 ALR 1079 (1940).

If, indeed, the disqualification of a judge renders the judgment entered by him void, as the majority has obviously held, I do not see how this court can uphold any judgment entered by Judge Bobby Steel in a criminal case during the time his nephew was prosecuting attorney, in the absence of an express waiver. A petitioner's lack of diligence is proper for consideration in determining whther he is entitled to post-conviction relief, but if the trial court had no jurisdiction to render a judgment, nothing can make it valid and post-conviction collateral attack would not even be barred by the three-year limitations on such petitions. A void judgment is a void judgment and it cannot be retrospectively repaired.

I would hold that Judge Don Steel was disqualified to hear the petition for post-conviction relief because the question was properly presented on appeal. I would remand the proceeding to the trial court for appropriate hearing by another judge.