Willie ROSS *v.* STATE of Arkansas

CA CR 79-70 593 S.W. 2d 475

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*James E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

M. STEELE HAYS, Judge. This is an appeal from an order revoking a suspended sentence. On December 3, 1976, ap-

pellant was convicted of burglary and sentenced to five years, the sentence to be suspended during good behavior, upon payment of a fine of $500 and costs within 120 days and upon non-use of alcohol.

On April 20, 1979, the State of Arkansas filed a petition to revoke the suspended sentence upon the grounds that appellant had been found guilty of third degree battery, had not reported to his probation officers, had not notified them of his present employment, had not reported a change of address and had not paid the fine and costs.

On May 11 a hearing was begun on the petition to revoke. Counsel for appellant moved for a continuance, referring to the appellant's limited education and to the fact that the allegation that appellant was convicted of third degree battery was found to be in error. The motion for continuance was denied by the court at the outset, but during the hearing was later continued to May 15. On May 11, after the continuance, an amended petition to revoke appellant's suspended sentence was filed alleging that appellant was convicted of gambling on May 2, 1978, public intoxication on August 8, 1978, third degree battery on September 8, 1978, public intoxication on September 8, 1978, and drunk in public on April 13, 1978, in addition to the previous grounds. During the proceedings on May 11, counsel for appellant asked the court to recuse itself, which motion was overruled. The hearing was reconvened on May 15 at the completion of which appellant's suspended sentence was set aside and a sentence of five years was imposed.

The appellant brings this appeal, alleging as a single point for reversal, that appellant was denied due process under the Fourteenth Amendment by the trial judge's refusal to recuse himself for consideration of the petition to revoke.

In view of the type of error asserted, i.e., a refusal to recuse, we deem it necessary to set forth pertinent portions of the proceedings in some detail:

BY THE COURT: And didn't you tell him that every time you had gotten into trouble it was because of liquor, that you had been drinking?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And do you remember what that judge told you about liquor?

BY THE DEFENDANT: He told me to leave it alone.

BY THE COURT: That's exactly right. Now, do you know who that judge was?

BY THE DEFENDANT: No, sir, but I think it was you, though.

BY THE COURT: I know it was me, and there is my writing and that's right there on the book. (showing)

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Where I told you to leave alcohol alone.

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Just pure and simple. Leave it alone.

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Mr. Davis, you can call what witnesses you want, but I cannot sanction this type of conduct and try to maintain a probation department and provisions with the hope of rehabilitation when one of the things that has come up is public drunkenness. If this gentleman has a problem with liquor — I don't remember all these cases until I come back with this one.

During cross-examination of appellant's mother by the prosecutor, Mr. Johnson, the following occurred:

Q: Have you seen Willie drinking at your house, Mrs. Ross?

A: It's quite natural if his momma drink a little beer, he might drink a little, too.

THE COURT: Ma'am, he didn't ask you what he might do. Now, you answer his question, whether he has come in there drunk.

THE WITNESS: No, sir, he don't come in there drunk.

THE COURT: Have you seen him drinking?

THE WITNESS: I've seen him drink one can of beer.

THE COURT: Now —

THE WITNESS: One can of beer at the time. And that's all I can remember, and can tell you the truth on that. He drank one can of beer.

THE COURT: We are fixing to have a witness that's fixing to go upstairs.

THE WITNESS: No, sir, don't put me up, please.

MR. DAVIS: Now, your Honor —

THE COURT: Now, she's trying to play games with this court.

THE WITNESS: No, sir, I'm not —

THE COURT: Now, and this court's not going to — just a minute, and you can instruct her if you want to, but I'm not — just a minute. But I'm not fixing to put up with this for one minute.

MR. DAVIS: Your Honor, I would like for the record to reflect that I object to the court.

THE COURT: You make the record; you put in there whatever you want to, but when a witness gets on the stand, "I ain't saying whether I've been seeing drinking or not," and works around to one beer, this court is not putting up with that. Put in there anything you want to Mr. Davis.

THE WITNESS: I want to —

THE COURT: You just be quiet and sit down.

THE WITNESS: Okay.

THE COURT: Go ahead and make your record.

THE WITNESS: Please don't —

MR. DAVIS: Your Honor, my objection is that I feel that the court is trying to intimidate the witness and to take over cross examining her concerning her testimony, and in doing so is becoming more of an advocate rather than a judicial officer in the proceedings.

I feel that it is improper for the court to take this attitude towards the witness and threatening her with going to jail concerning some remarks she made in her testimony.

THE WITNESS: I'm sorry.

MR. DAVIS: I would ask the court if perhaps I might suggest, obviously the witness has caused the court to become angry; maybe that anger is justifiable. I'm not saying that it's not. I simply suggest that the court perhaps it recuse itself from further consideration of this case.

THE COURT: That motion will be overruled right now.

THE WITNESS: Please don't lock me up. I didn't mean no harm.

THE COURT: Go ahead. Finish.

MR. DAVIS: That's all I believe I care to say at this time.

THE COURT: Mr. Davis, let me make a statement, and I want the record to reflect on this. This is not my first day in court. This is not the first day I know any-

thing about the facts of law. This is not the first day I've had any experience in trial work. The court feels a strong obligation to maintain order, decorum, and to require a witness when testifying not to be evasive, and not to commit, in a sense, perjury.

Now, the questions which the deputy prosecuting attorney asked this witness, and the witness's manner and demeanor on the stand, "I ain't said how many times he's been drunk. I ain't said how many times he's been drinking. He drinks beer with me when I want to," and then come back and tell me she has seen him drink one beer, is in the opinion of this court an affront to this court. And if I'm to sit here and hold any type of dignity of this court, then I will not permit a witness to try to flim flam an attorney who is asking questions, nor the record in this court.

I am not angry, but I am firm in my beliefs in this regard.

We conclude that appellant is correct in urging that the trial court took an overly active part in these proceedings from the side of the prosecution and when that occurs the trial judge loses at least the appearance of impartiality which is essential under our system. Clearly, the trial judge became impatient and irritated with the somewhat equivocal answers of appellant's mother, but to suggest on such slender grounds that she was just about to be put in jail resulted in an intimidation of the witness to no discernible purpose. We think she could have been admonished to answer truthfully and responsively without the unveiled threat of being taken "upstairs." Still, this interchange in the record might not be enough on its own to lead us to the result reached, but when the other segment is examined, there is enough to sway the balance. That portion of the quoted section reflects that even though the State's petition for revocation (prior to the amendments) said nothing about use of alcohol, the court on its own interrogation went into the matter in depth. But the telling point is the comment by the court:

BY THE COURT: Mr. Davis, you can call all the witnesses you want, but I cannot sanction this type of

conduct and try to maintain a probation department and provisions with the hope of rehabilitation when one of the things that has come up is public drunkenness. (T. p. 8)

It seems clear that when a trial judge, at the outset of a hearing for any purpose, states to either side words to the effect — "you may call all the witnesses you want, but — ", that a set of mind is present which cannot be reconciled with the proposition that the trial court is committed to hear all relevant, credible evidence weighing it and arriving at a judicious result.

We find this observation to be very closely related to the comment in *Burrows* v. *Forrest City*, 260 Ark. 712, 543 S.W. 2d 488 (1976) cited by the appellant. In *Burrows,* the appellant filed a motion for the trial judge to recuse himself from hearing on the motion for revocation on the ground that the judge had told an attorney that appellant should "bring his toothbrush with him," implying that he would go to jail if found guilty. The trial court denied the motion. In reversing the denial of the motion, the Arkansas Supreme Court quoted language from an earlier case, *Farley* v. *Jester,* 257 Ark. 686, 520 S.W. 2d 200 (1975):

However, court proceedings must not only be fair and impartial — they must also appear to be fair and impartial.

We think this language is clearly applicable to the case at bar. Although we do not make any retrospective judgments on the impartiality of the trial court itself and keeping in mind the rule of law that suspended sentences and also their revocation are within the sound judicial discretion of the trial court [Ark. Stat. Ann. §§ 43-2314 and 43-2326 (Repl. 1977); *Gross* v. *State,* 240 Ark. 926, 403 S.W. 2d 75 (1966)], we think that the trial court's own cross-examination of the witness and its demonstrated impatience and irritation in response to the witness' statements gave the "appearance" of bias. Thus, where the trial judge sits as a finder of fact, the

appearance of fairness in trial proceedings becomes even more important. *Burrows, supra.*

We are troubled too, with the matter of fact way that the appellant's drinking problem was treated as if it were easily controllable. Certainly, the trial judge was striving to relieve the community as well as the appellant of the problems resulting from the appellant's use of alcohol, a commendable objective, but he seems to have ignored the fact that chronic alcoholism is compulsive or even disease-based, according to respectable authority, and thus to simply say to an individual under a suspended sentence, if alcoholism is the problem, "if you drink you may be sent to the penitentiary" is an over simplification of cause and effect; a better method, we believe, where facilities are available, is to direct the defendant to attend an alcohol abuse program with reasonable consequences if he disobeys the conditions.

We have reached the conclusion that the trial judge should have recused himself, in part in the belief that the reinstatement of the entire five year original sentence under the totality of the facts and circumstances of this case was severe. Understandably, the trial court may have felt personally affronted by the appellant's failure to comply with the conditions of his suspension, but the end result is that the record suggests that the appearance of fairness is lacking.

Reversed and remanded with instructions to recuse.