SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-11-258

| | | |
|---|---|---|
| EARL RAY MAXWELL | APPELLANT | **Opinion Delivered** September 5, 2013 |
| | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, 60CV-10-5879, HON. TIMOTHY DAVIS FOX, JUDGE |
| v. | | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | APPELLEE | AFFIRMED. |

## PER CURIAM

In 2007, appellant Earl Ray Maxwell entered a negotiated plea of guilty in the Circuit Court of Sebastian County to two counts of delivery of methamphetamine, two counts of possession of methamphetamine with intent to deliver, and one count of possession of drug paraphernalia. He was sentenced to serve a total of 480 months in the Arkansas Department of Correction, including an enhanced sentence of ten years pursuant to Arkansas Code Annotated section 5-64-411 (Repl. 2005) based on the delivery of methamphetamine occurring in proximity to certain facilities. On October 13, 2010, appellant filed in the Pulaski County Circuit Court, the county in which he was incarcerated,[1] a pro se petition for writ of habeas corpus. The circuit court denied the petition by written order, and appellant timely filed a notice of appeal from that order. We find no error and affirm.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court

---

[1]At the time of this decision, appellant remains incarcerated in a prison facility in Pulaski County.

SLIP OPINION

lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

In his first point on appeal, appellant alleges that the trial court lacked jurisdiction to sentence him subject to an enhanced sentence pursuant to Arkansas Code Annotated section 5-64-411 because he was not charged by information pursuant to the statute. Arkansas Code Annotated section 5-64-411 provides enhanced penalties for named drug offenses that are committed within 1000 feet of certain facilities. Appellant further contends that his sentence is illegal on the basis that he could not have waived his right to a jury trial of the enhancement when he entered his guilty plea because he was not charged with the enhancement. Finally, appellant contends that he was denied the right to fair notice because he was not charged with the enhancement by information, denied the right to trial by jury because there is no written waiver of a jury trial of the enhancement, and denied the right to due process.

The record includes a judgment and commitment order, entered on November 8, 2007, which states that appellant, who was represented by counsel, appeared before the court on October 5, 2007, was advised of the nature of the charges, of his constitutional and legal rights,

of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing. Also contained in the record are two informations. In one information, filed August 8, 2007, in Case No. 66CR-07-1034, appellant is charged with one count of delivery of methamphetamine. In the second information, filed October 4, 2007, in Case No. 66CR-07-296, appellant is charged as a habitual offender with one count of delivery of methamphetamine, along with the enhancement of the charged crime occurring in proximity to certain facilities, namely a private or public elementary school. Although the amended judgment and commitment order includes convictions for offenses based on these charges as well as charges in Case No. 66CR-07-470, an information charging appellant pursuant to Case No. 66CR07-470 is not included in the record. Further, neither the plea agreement nor the transcript of any plea hearing is included in the record.

We find no basis for holding that the judgment was invalid on its face or that the trial court was without jurisdiction. *See Culbertson*, 2012 Ark. 112. Appellant's claims of a lack of jurisdiction and a violation of constitutional rights stem from his assertion that he was not charged by information pursuant to Arkansas Code Annotated section 5-64-411, and that he did not receive notice of the enhancement. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Hill v. State*, 2013 Ark. 143. Specifically, allegations of trial error concerning the information are not the type of defect that raise a jurisdictional issue and are not cognizable in a proceeding for the writ. *Craig v. Hobbs*, 2012 Ark. 218 (per curiam). Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Culbertson*, 2012 Ark. 112. A circuit court has

subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Mere trial error does not deprive a court of jurisdiction. *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam).

Moreover, in order to make a showing of probable cause as to a claim of an illegal sentence based on an improper information, a petitioner must provide the court with copies of the charging instrument and judgment demonstrating the alleged defect. *Craig*, 2012 Ark. 218. Clearly, the information, filed October 4, 2007, charges appellant with the sentence enhancement pursuant to § 5-64-411. Additionally, the amended judgment and commitment order states that on October 5, appellant was advised of the nature of the charges against him and of the effect of the guilty plea upon those rights. Thus, even assuming the facts as alleged by appellant would support a cognizable claim, his assertions are not supported by the record.

Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy v. State*, 2013 Ark. 155 (per curiam). However, even if appellant's contention that he was not charged by information with the enhancement prior to entering his plea is due further consideration, we are precluded from doing so because of an insufficient record. Appellant's claims turn, in part, on what transpired when his plea was made and accepted by the trial court, and the record does not contain the plea agreement or a transcript of the plea hearing.[2] A petitioner who seeks relief in this court has the burden to bring

---

[2]Pro se litigants are held to the same standards as licensed attorneys with respect to producing a record sufficient to show error. *See Brown v. Gibson*, 2012 Ark. 285, ___ S.W.3d ___

SLIP OPINION

up a sufficient record upon which to grant relief. *Greene v. State*, 2013 Ark. 251 (per curiam). It is well settled that an appellant bears the burden of producing a record demonstrating error. *Id.* Where the appellant fails to meet his burden, this court has no choice but to affirm the circuit court's decision. *Jackson v. State*, 2012 Ark. 41 (per curiam). Without the plea agreement or transcript of the plea hearing, this court is unable to conduct further review.

In his second point on appeal, appellant argues that the judgment and commitment order was invalid because the trial judge was biased and should have recused from the case because appellant had filed a lawsuit in federal court against the judge. This argument is without merit. Claims of judicial bias are assertions of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). Such claims are challenges to appellant's conviction and are not ones that might deprive a court of jurisdiction. *Id.*

Affirmed.

*Earl Ray Maxwell*, pro se appellant.

No response.

---

(per curiam); *see also Lucas v. Jones*, 2012 Ark. 365, ___ S.W.3d ___. A pro se appellant receives no special consideration on appeal. *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam).