

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-867

| | |
|---|---|
| JACQUELINE FERGUSON AND CHRIS FERGUSON<br><br>APPELLANTS<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered** February 18, 2015<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. JV-14-89]<br><br>HONORABLE BARBARA ELMORE, JUDGE<br><br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellants Jacqueline and Chris Ferguson appeal from the Lonoke County Circuit Court's adjudication of dependency-neglect as to their children, A.F. (DOB: 10-29-97), L.F.1 (DOB: 9-22-08), L.F.2 (DOB: 8-6-09), and Z.F. (DOB: 9-7-10). On appeal, the Fergusons argue that the trial court abused its discretion during cross-examination of two witnesses. The Fergusons' argument has four subpoints, but they essentially contend that the judge was biased. Because the Fergusons' argument is not preserved, we affirm.

On April 3, 2014, the Arkansas Department of Human Services (DHS) petitioned for emergency custody of the Fergusons' children, alleging neglect, parental unfitness, and physical abuse. Specifically, DHS received a report that Jacqueline Ferguson had beaten L.F.2 and Z.F. with a vacuum-cleaner attachment.

At the adjudication hearing, the Fergusons' teenage foster daughters, B.K. and A.H.,

testified that, although they were never mistreated in the Fergusons' home, they were aware that both boys had been beaten with a vacuum-cleaner attachment, and they had taken pictures depicting the welts that L.F.2 suffered as a result of such beating.

Dr. Karen Farst, employed by Arkansas Children's Hospital and the University of Arkansas for Medical Sciences Department of Pediatrics, testified that L.F.2 and Z.F. had various atypical injuries. She was shown a picture of the welts on L.F.2's body and testified that they appeared to be strike or impact marks and that they could have been caused by a vacuum-cleaner attachment. Dr. Farst stated that she had never seen an allergic reaction that caused marks similar to those suffered by L.F.2 and that she believed they were caused by trauma.

Three lay witnesses familiar with the boys testified that both L.F.2 and Z.F. had skin problems and allergies. Dr. Brad White, a dermatologist, testified that the marks on L.F.2's body were consistent with a skin condition called urticaria. Dr. White, however, conceded that he had not dealt with trauma-related injuries and could not rule out that L.F.2 had been struck with a vacuum-cleaner attachment.

Jacqueline testified that, while she had never "spanked" the children using a vacuum-cleaner attachment, she had "swatted" them with it. According to Jacqueline, she was not overly concerned when she saw the marks on L.F.2's body because both L.F.2 and Z.F. had previously had similar marks. Jacqueline stated that they were likely caused by an allergic reaction L.F.2 had to some flea-and-tick shampoo that he had gotten on himself.

At the conclusion of the hearing, the trial court found that the children were

dependent–neglected based on Jacqueline's physical abuse and Chris's failure to protect. The trial court found that B.K. and A.H. were credible witnesses because they knew that their testimony would upset their lives—they liked the Fergusons and did not want to be removed from their home. The trial court also noted that Dr. Farst testified that the welts on L.F.2's body were consistent with impact marks from a vacuum-cleaner attachment and that Dr. White could not exclude that possibility.

On appeal, the Fergusons rely on Ark. R. Evid. 611(a)(1) (2014)[1] for their argument that the trial court abused its discretion with respect to the cross-examination of B.K. and A.H. They argue that the judge had developed "an affinity" for the young witnesses due to a prior dependency-neglect case pertaining to them heard earlier the same day. The Fergusons argue that the judge was biased, e.g., she instructed their counsel to soften his voice and speak nicely to the witnesses; she asked the bailiff to get B.K. some water; she interrupted cross-examination to offer encouragement; and she inserted herself into the cross-examination by asking leading questions and providing answers for these witnesses. The Fergusons contend that the judge's bias caused her to "blatantly disregard any testimony that was in direct contradiction" to these witnesses' testimony. They maintain that the cumulative effect of the bias resulted in prejudice to them that they did not realize until the trial court had rendered its decision.

DHS and the attorney ad litem argue that the Fergusons do not challenge the

---

[1]The rule provides in relevant part that the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth.

sufficiency of the evidence on appeal. In their reply brief, the Fergusons deny that assertion, citing *Ingle v. Arkansas Department of Human Services*, 2014 Ark. 53, 431 S.W.3d 303, for the proposition that in a non-jury trial, a party who does not challenge the sufficiency of the evidence does not waive the right to do so on appeal. *Id.*, at 8, 431 S.W.3d at 307. The Fergusons' reliance on *Ingle* is misplaced because their argument concerning bias does not go to the sufficiency of the evidence. Claims of judicial bias are assertions of trial error. *Maxwell v. Hobbs*, 2013 Ark. 307 (per curiam).

Even if the Fergusons had challenged the sufficiency of the evidence, we could not hold that the trial court clearly erred in its decision. In dependency-neglect cases, the standard of review on appeal is de novo, but we do not reverse the trial court's findings unless they are clearly erroneous. *Callison v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 592, 446 S.W.3d 210. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id*. We defer to the trial court's superior position to observe the parties and judge the credibility of the witnesses. *Id*. Here, the trial court specifically found B.K. and A.H. credible. Their testimony was then bolstered by Jacqueline's admission that she had struck the boys with a vacuum-cleaner attachment. Further, Dr. Farst testified that the marks on L.F.2's body were consistent with multiple blows with a vacuum-cleaner attachment. The trial court was not required to believe testimony that the welts were due to a skin condition.

Moreover, the Fergusons' argument regarding judicial bias is not preserved for our

review. The supreme court in *Ingle*, *supra*, cited *Lamontagne v. Ark. Dep't of Human Servs.*, 2010 Ark. 190, 366 S.W.3d 351, where the supreme court reaffirmed the necessity of interposing a contemporaneous objection in order to preserve an issue for appeal. Further, the *Ingle* court reiterated the principle that "[d]e novo review does not mean that this court can entertain new issues on appeal when the opportunity presented itself for them to be raised below, and that opportunity was not seized." *Ingle*, 2014 Ark. 53, at 7, 431 S.W.3d at 307.

To preserve a claim of judicial bias for review, the appellant must have raised the issue below by objecting or moving for recusal. *McLard v. Smith*, 2014 Ark. App. 272. Because the Fergusons did not raise the issue below, this court cannot entertain the Fergusons' argument regarding bias for the first time on appeal. In any event, the Fergusons do not contend that the trial court had a similar "affinity" for Dr. Farst or that the trial court was in any way biased with respect to her testimony. The Fergusons cannot demonstrate prejudice where, without regard to the testimony by B.K. and A.H., there was sufficient evidence to support the adjudication considering Dr. Farst's expert opinion and Jacqueline's admission.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellants.

*Tabitha Baertels McNulty*, Office of Policy & Legal Services; and *Chrestman Group, PLLC*, by: *Keith Chrestman*, for appellees.