

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
**No.** CR-15-388

| | |
|---|---|
| JACQUELINE FERGUSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** December 16, 2015<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. CR-2014-241]<br><br>HONORABLE BARBARA ELMORE, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Appellant Jacqueline Ferguson was convicted by a jury in the Lonoke County Circuit Court of second-degree domestic battering for physically abusing her child, LF, who was four years old at the time of the incident. Appellant argues on appeal that the circuit court abused its discretion, first, for denying her motion to recuse from the case and, second, for refusing to accept her waiver of a jury trial. Because we hold that the circuit court did not abuse its discretion in either ruling, we affirm appellant's conviction.

The issues before us in this case arose out of a dependency-neglect action, also in the Lonoke County Circuit Court. That case began after a call was placed to the Arkansas Child Abuse Hotline on March 31, 2014, reporting that appellant had physically abused two of her adopted children, LF and ZF. At the time, appellant and her husband were serving as licensed foster parents. An adjudication hearing was held on July 1, 2014, at the conclusion of which,

appellant's children were adjudicated dependent-neglected.[1]

At the adjudication hearing, the court heard the testimony of appellant's two teenage foster daughters; Dr. Karen Farst, a pediatrician from Arkansas Children's Hospital, who specialized in child-abuse pediatrics; several lay witnesses familiar with the children, who testified that the children had skin problems and allergies; and Dr. Brad White, a dermatologist, who testified that marks on LF were consistent with a skin condition called urticaria. At the conclusion of the hearing, the court made the following statements:

> I find that there's dependent neglect. I do find that the allegations have been substantiated by proof beyond a preponderance of the evidence. The child is dependent neglect. There was physical abuse of the child younger than six years of age. I don't see how you can find anything else.

In the meantime, on June 13, 2014, the State filed an information for domestic battering against appellant in this criminal case. The judge who had heard the dependency-neglect matter was assigned to this case, too. On September 2, 2014, appellant filed a motion for recusal, arguing that the judge had presided over a juvenile case involving the "exact same" allegations that were involved in the criminal case and had "rendered a decision against [appellant] in the juvenile court proceeding." Therefore, appellant alleged, she should recuse pursuant to Rule 2.11(A)(6)(d) of the Arkansas Code of Judicial Conduct, which requires a judge to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned," including circumstances where the judge "previously presided as a judge over

---

[1]Appellant appealed the adjudication to this court, which affirmed because her argument regarding judicial bias was not preserved. *Ferguson v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 99.

the matter in another court." Ark. Code Jud. Conduct, Rule 2.11 (2015). Appellant also argued that the judge should recuse under Rule 2.11(A)(1), which provides as follows: "The judge has a personal bias or prejudice concerning a party . . . or personal knowledge of facts that are in dispute in the proceeding." *Id*. Appellant then waived her right to a jury trial.

The circuit court held a hearing on both matters and entered an order on November 5, 2014, denying appellant's motion to recuse and an order on November 26, 2014, denying appellant's waiver of a jury trial. The court entered an additional order on February 3, 2015, indicating that she had denied appellant's request for a bench trial and set a jury trial because appellant believed that the court harbored a bias against her or had prejudged the disposition in the criminal case due to her involvement in the juvenile case.

A jury trial was held on February 4 and 5, 2015, where the same witnesses who testified in the juvenile hearing presented testimony. The jury found appellant guilty of second-degree domestic battering and sentenced her to five years in the Arkansas Department of Correction with an additional one-year enhanced penalty for committing the offense in the presence of a child. Appellant immediately filed a motion for the setting of an appeal bond. The judge advised from the bench, "I do not do appeal bonds." On February 9, 2015, appellant filed a motion for reconsideration of the court's "denial" of her appeal bond to which the State responded, and which the court denied in formal orders entered on February 24 and March 24, 2014.

## I. *Recusal*

For her first point on appeal, appellant contends that Judge Elmore abused her

discretion in refusing to recuse because she had presided over the same matter in another court, she had personal knowledge of the facts that were in dispute in appellant's criminal proceeding, and she exhibited the appearance of bias against appellant. We turn to the relevant law and our standard of review. A judge has a duty to hear a case unless there is a valid reason to disqualify. *Perroni v. State*, 358 Ark. 17, 186 S.W.3d 206 (2004). Moreover, a judge is presumed to be impartial, and the party seeking recusal "bears a substantial burden in proving otherwise." *Duty v. State*, 45 Ark. App. 1, 5, 871 S.W.2d 400, 402 (1994); s*ee also Porter v. Ark. Dep't of Health & Human Servs.*, 374 Ark. 177, 191, 286 S.W.3d 445, 451 (2003). A judge's recusal is discretionary, and her decision will not be reversed absent a showing of abuse of discretion. *Duty v. State*, 45 Ark. App. 1, 871 S.W.2d 400 (1994). Finally, a judge's improper failure to recuse herself does not result in reversible error unless there is a showing of prejudice from the failure to recuse. *Id.*

To support her argument, appellant cites the following authority—found within Canon 2 of the Arkansas Code of Judicial Conduct—which governs a judge's decision whether to disqualify in a particular case.

**Rule 2.11**. **Disqualification**

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.
. . .
(6) The judge: . . .
(d) previously presided as a judge over the matter in another court.

Ark. Code Jud. Conduct, Rule 2.11.

She argues that the judge presided over a juvenile dependency-neglect action against appellant and in this criminal case in which the exact same witnesses and testimony were presented against her. She also contends that the judge had already determined appellant's guilt before her criminal trial, as evidenced by her concluding statements at the adjudication hearing: "There was physical abuse of the child younger than six years of age. I don't see how you can find anything else." Finally, she argues that the judge obtained personal knowledge of the precise facts in dispute in the criminal trial by presiding over the adjudication in which all of the allegations, witnesses, and evidence presented would be presented in the criminal trial. Appellant contends that bias was demonstrated by the court's refusal to accept appellant's waiver of a jury trial, despite the State's assent thereto; its denial of appellant's motions for directed verdict; and its denial of appellant's motion for the setting of an appeal bond.

First, we have held that the language in Rule 2.11(A)(1), referring to a judge's "personal knowledge of the facts," does not preclude participation of a judge who obtained that knowledge through previous judicial participation. *Duty*, 45 Ark. App. at 6, 871 S.W.2d at 403. "The fact that a judge may have an opinion concerning a case does not dictate that a recusal is required." *Id.*, 871 S.W.2d at 403 (citing *Rush v. Wallace*, 23 Ark. App 61, 742 S.W.2d 952 (1988)). In that instance, whether recusal is required lies within the judge's conscience. *Id.* Appellant presents neither argument nor evidence that the judge in this case had any personal knowledge about the case other than the knowledge that she acquired acting as a judge in the dependency-neglect matter.

5

Regarding Rule 2.11(A)(6)(d), we can find no law, and appellant cites none, suggesting that "the matter" that the judge previously presided over in another court refers to such different proceedings as a dependency-neglect proceeding in a juvenile case and a criminal case. And we are not persuaded that these two cases are "the same matter." Although appellant argues that the juvenile proceeding was "against" her, it was not. In a dependency-neglect case, the court's findings concern the child, not the parent. The court in the juvenile case at issue here found that the child was dependent neglected; who was at fault was not in issue. Moreover, the burden of proof was a preponderance of the evidence. Conversely, in appellant's criminal case, the findings were made against appellant and were found beyond a reasonable doubt. Furthermore, and critically important to the judge's decision not to recuse here, the facts were found, not by the court, but by a jury. And appellant does not point to any particular evidentiary rulings by the court that affected appellant's right to receive a fair and impartial trial. We hold that, under these circumstances, the adjudication and the criminal trial were not "the same matter" and that the judge did not abuse her discretion in denying appellant's request to recuse from the criminal trial. Although appellant points to the judge's rulings denying her motions for directed verdict and her appeal bond as evidence of her actual bias or prejudice, we note that the appeal bond was denied after the trial,[2] and thus did not affect the impartiality of the trial; an adverse ruling is not enough to demonstrate bias. *Irvin v. State*, 345 Ark. 541, 550, 49 S.W.3d 635, 641

---

[2]Our supreme court also denied appellant's motion for setting bond pending appeal on May 28, 2015.



(2001); *Gates v. State*, 338 Ark. 530, 545, 2 S.W.3d 40, 48 (1999).

## II. *Denial of Waiver of Jury Trial*

Appellant's second point on appeal is that the circuit court abused its discretion in refusing to accept her waiver of a jury trial after the State had assented to it. Appellant argues that she attempted to waive her jury trial and request a bench trial because she believed that she could receive a fairer trial by bench.

Arkansas Rule of Criminal Procedure 31.1 provides as follows: "No defendant in any criminal cause may waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court." The comment to that rule states that "[i]t is not the purpose of this rule to impose any limitation on a court's discretion to refuse to allow the waiver of trial by jury." At the hearing on the matter, appellant's counsel admitted to the court that he thought the court might be biased against his client. The court then stated that it would deny the request for a bench trial and schedule a jury trial. Counsel indicated that he also had concerns about the jury pool in place—which was jury pool No. 2—so the court agreed to use jury pool No. 1 to alleviate counsel's concerns. In its formal order, the court denied the waiver, stating that appellant had questioned the court's impartiality and thus the case would be heard by a jury.

An abuse of discretion occurs when the trial court makes a judgment call that is arbitrary and groundless. *Smith v. State*, 90 Ark. App. 261, 205 S.W.3d 173 (2005). Appellant's argument that she believed she could receive a "fairer" trial by bench trial rather than by jury trial is in direct conflict with her motion to recuse and her counsel's statements

SLIP OPINION

to the judge that he thought she might be biased against appellant. Our review of the record does not convince us that the court's denial of appellant's waiver was either arbitrary or groundless. Accordingly, we hold that the trial court did not abuse its discretion.

Affirmed.

GLADWIN, C.J., and VIRDEN and HOOFMAN, JJ., agree.

HARRISON and KINARD, JJ., dissent.

**BRANDON J. HARRISON, Judge, dissenting.**   The issue in this case is whether the circuit court should have recused from Jacqueline Ferguson's criminal trial for second-degree domestic battery of her child.  The criminal case spun from the same facts that started an earlier dependency-neglect case involving Ferguson's alleged abuse of her child.  The same circuit judge presided over both the dependency-neglect adjudication and the criminal-jury trial.  The criminal trial involved the same witnesses, testimony, and alleged abusive act that the judge heard a few months prior while presiding over the dependency-neglect hearing, during which the judge found:  "There was physical abuse of the child younger than six years of age.  And I don't see how you can find anything else."

The majority affirms the circuit court's decision to preside over the criminal case despite counsel's objection.  This appeal presents an issue of first impression, concerns an important matter of public policy, and requires an interpretation of the code of judicial conduct. Because the circuit judge's impartiality may be reasonably questioned under Rule 2.11's disqualifying standard, I would reverse and remand for a new trial, with a different presiding judge.

I.

As stated in the majority opinion, the court held a pretrial hearing during the criminal proceeding and denied Ferguson's motion to recuse and her motion for a bench trial. Here is some of the colloquy from that hearing:

COURT: [Y]ou know, it would be easier on a judge just to recuse. But the fact of the matter is I read—I read your petition. And what I stated was that I find there was dependency neglect. I do find the allegation in the petition had been substantiated by proof of preponderance of the evidence and the child was dependent neglected.

Now you stated that I said other things other than what I said. But what I said was that the Department of Human Services had done theirs by the preponderance of the evidence. Okay?

A criminal case is beyond a reasonable doubt. Two different things. Two different cases and concerns. And when I'm looking at the DHS case, I'm primarily focusing on the child and what's going on in this. This is with the adult. It would be very easy for me to recuse. I will not recuse on this case . . . I believe I will be impartial on the case. I've had these kind of cases, and I will continue to keep this case. I will not pass this case off to Judge Huckabee on these grounds. Ok? Now, as far—do you still continue to wish to waive to a bench trial?

DEFENSE: We do.

COURT: Okay. And you don't believe that I could be partial on a bench trial?

DEFENSE: Say that again. I'm sorry, Judge?

COURT: I said you do not believe that I can be impartial on a bench trial?

9

DEFENSE:     We do believe that given some of the statements that you made at the close of the adjudication case in the dependency neglect case that . . . there was some sort of a bias or a prejudged disposition that you had, and given the fact that all of the facts and all the allegations are identical, all of the testimony will be identical, that's our concern. And, Judge, [I] would hope that you know, given the number of times that I've been before you, that I have great respect for you as a judge, and I'm not trying to impugn that in any way, shape or form. But I do believe that [there] is some prejudged disposition that you had with respect to my particular client based on the statements that were made at the close of the adjudication, Judge.

COURT:       Okay. I have the transcript that you ordered for the adjudication 'cause you took it up on appeal, which is fine. That's your prerogative. But in it . . . it doesn't say that I made any of those type of statements[.]

The court's written order stated, "After reviewing the motions, caselaw and hearing the arguments of counsel, the motion of recusal and/or transfer was denied. There was no indication of bias or prejudice or that Canon 2.11(A)(6)(d) is applicable in this case."

In February 2015, the court discussed its denial of Ferguson's request for a bench trial, stating:

I would have given Ms. Ferguson a court trial, or in other words a bench trial, had you said that you thought [that] I could be fair in my judgment. You stated that you felt like I would be biased and that I would be prejudicial towards her. So that's the reason she didn't get a bench trial, and that's the reason that I did not sign your order. I did not deny her a bench trial just because you asked for me to recuse and I refused to do so. So if she had asked for a bench trial, and you had thought that I could've been fair about it, she would've had one.

SLIP OPINION

II.

The majority holds that the decision to recuse in this case was left to the circuit court's broad discretion and that it did not abuse its discretion. Judges are presumed to be impartial, and absent a valid reason to recuse, a judge should preside over a case. *Porter v. Ark. Dep't of Health & Human Servs.*, 374 Ark. 177, 191, 286 S.W.3d 686, 697 (2008). A party trying to disqualify a judge must overcome that presumption and demonstrate that the judge showed bias or prejudice. *Owens v. State*, 354 Ark. 644, 655, 128 S.W.3d 445, 451 (2003). An appellate court will not reverse a judgment on the basis of a judge's decision not to disqualify unless the judge has abused his or her discretion. *Porter, supra.* In determining whether there was an abuse of discretion, this court reviews the record to determine if any prejudice or bias was exhibited. *Id.* The question of bias is generally confined to the judge's conscience. *Id.*

That's some of the caselaw, which does support my colleagues' position. But we also have a rule of judicial conduct to deal with; and it tips the scales in favor of recusal.[1] As we know, the Arkansas Supreme Court promulgates these rules, which have been applied in recusal cases dealing with criminal convictions in which the appearance of a circuit court's impartiality was challenged. *See, e.g., Adams v. State*, 269 Ark. 548, 549, 601 S.W.2d 881, 883 (Ark. 1980); *Ross v. State*, 267 Ark. 1027, 1034, 593 S.W.2d 475, 479 (Ark. Ct. App. 1980). The rules have also been used to decide recusal issues in civil cases. *See, e.g., Riverside Marine Remanufacturers, Inc. v. Booth*, 93 Ark. App. 48, 53, 216 S.W.3d 611, 615 (2005).

---

[1] Arkansas statutes and the Arkansas Constitution, as well as federal constitutional law, also address judicial disqualification, but these sources are not directly at issue.

SLIP OPINION

The Arkansas Supreme Court adopted the current version of the Code of Judicial Conduct in April 2009. The rule that Ferguson primarily argued below and on appeal, Rule 2.11, appears in pertinent part as follows:

Rule 2.11, titled "Disqualification" states, in pertinent part and with emphasis, that

> (A) **A judge shall disqualify himself or herself** in any proceeding in which the judge's impartiality might reasonably be questioned, **including but not limited to** the following circumstances:
>     (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.
>     . . . .
>     (6) The judge . . .
>             (d) previously presided as a judge over the matter in another court.

I agree with the majority that the circuit judge did not have "personal knowledge of the facts" under subsection (A)(1); there is no evidence that the judge gained any knowledge of the criminal case apart from her participation in the dependency–neglect adjudication.

Ferguson also alleges, to some extent, that the circuit judge exhibited "bias or prejudice" against her under subsection (A)(1). Comment 2 to Rule 2.3 of the Arkansas Code of Judicial Conduct tells us what conduct tends to manifest a bias or prejudice:

> Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey to parties and lawyers in the proceeding, jurors, the media, and others an appearance of bias or prejudice. A judge must avoid conduct that may reasonably be perceived as prejudiced or biased.

12

I agree with the majority that the record does not establish, for (A)(1) purposes, that the circuit judge was actually prejudiced, biased, or partial against Ferguson when it presided over her criminal trial.

Ferguson has also argued that subsection (A)(6) applied and thus disqualified the circuit judge from the criminal case. I agree again with the majority that we have no caselaw or commentary on what "previously presided as a judge over the matter in another court" means under section (A)(6). The State's concern that "no judge would ever be able to preside over a case of a defendant where the defendant had previously been before the judge on another matter" is overstatement. Each recusal question turns on its own facts. Here, the circuit judge said it would be "very easy" for her to recuse yet did not because she thought she was not required to do so. Whether a circuit judge who sits on a DHS abuse case and then sits on a mirror-image criminal case meets the (A)(6) definition is an open question, and one of first impression, in this state.

But we need not decide this appeal based on the particulars stated in subsections (A)(1) or (A)(6) because Ferguson has a broader recusal argument—one that my colleagues do not address. Ferguson claims that a reasonable person would be led to question the circuit judge's impartiality and that "a risk of perception of judicial bias or impartiality is so great that the only proper course of action would be for [the circuit judge] to recuse herself[.]"

### III.

The circuit judge who presided over the criminal trial was the same one who acted as the fact-finder in the prior dependency-neglect case. The core issue in the DHS case was:

did Ferguson physically abuse a child? The judge concluded, "There was physical abuse of the child younger than six years of age. And I don't see how you can find anything else." The State's criminal case for second-degree domestic battery was premised on the same core question: did Ferguson physically abuse a child? The same witnesses testified during the criminal trial—including witnesses that the circuit judge made credibility determinations about during the DHS case. Could a reasonable person justifiably question the circuit judge's ability to be impartial in Ferguson's criminal case given the prior mirror-image DHS case? I believe so in this instance, and it's why I would reverse Ferguson's conviction and remand for a new trial.

Comment 1 to Rule 2.11 requires a judge to disqualify herself if her "impartiality might reasonably be questioned, regardless whether any of the specific provisions of paragraphs (A)(1) through (6) apply." At the heart of Rule 2.11 is a concern that judicial proceedings must appear to be fair and impartial. Neither the letter, nor the spirit of Rule 2.11 requires that a litigant like Ferguson prove an actual prejudice or bias. *See Farley v. Jester*, 257 Ark. 686, 692, 520 S.W.2d 200, 203 (1975) ("[C]ourt proceedings must not only be fair and impartial—they must appear to be fair and impartial."). Though much of the caselaw does apparently hinge the propriety of recusal decisions on the court's discretion and conscience, Rule 2.11 speaks in mandatory terms. The rule uses the word "shall," meaning a judge *must* recuse unless the parties waive recusal under certain circumstances that are not presented here. *See* Howard W. Brill, *Arkansas Professional and Judicial Ethics* 506 (8th ed. Arkansas Law Press 2011) ("A judge must disqualify if the judge's impartiality might be

14

reasonably questioned.").  Furthermore, the Preamble to the Rules states, in part, that "[w]here a Rule contains a permissive term such as 'may' or 'should,' the conduct being addressed is committed to the personal and professional discretion of the judge[.]"  How do we square the *mandatory* language in Rule 2.11 with the "[a] judge's recusal is discretionary" caselaw on which the majority relies?  The abuse-of-discretion concept seems to conflict with Rule 2.11's mandate.

In my view, the rule required, on this record, that the judge recuse from the criminal proceeding before convening the jury trial in earnest.  What happened during the trial once it began to unfold is in some sense irrelevant under Rule 2.11's mandatory language and spirit. This point has more or less been communicated before this way:

> The idea that judges should avoid even the appearance of partiality or favoritism is so deeply rooted in our sense of justice that we do not require proof of actual bias or prejudice towards litigants as the sole basis for disqualifying jurors or judges . . . The issue is not whether a judge whose partiality might reasonably be questioned has been shown to be biased or prejudiced in a proceeding; *rather, the issue is whether a judge whose partiality might reasonably be questioned should even conduct the proceeding in the first place.*

*Lofton v. State*, 57 Ark. App. 226, 235–36, 944 S.W.2d 131, 136 (1997) (Griffen, J., dissenting) (emphasis added).

### IV.

I respectfully dissent and would reverse Ferguson's conviction and remand for a new trial, with a different presiding circuit judge.

KINARD, J., joins.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.

15