Brandon J.. Harrison, Judge, dissenting. The issue in this caée is whether the circuit court should have recused from Jacqueline Ferguson’s criminal trial for second-degree domestic battery of her child. The criminal' case ■ spun from the same facts that started an earlier dependency-neglect case involving Ferguson’s alleged abuse of her child. The same circuit judge presided over both the dependency-neglect adjudication and the criminal-jury trial. The criminal trial involved the same witnesses, testimony, and alleged abusive act that the judge heard a few months prior while presiding over the. dependency-neglect hearing, during which the judge found: “There was physical abuse of the child younger than six years of age. And I don’t see how you can find anything else.” The majority affirms the circuit court’s decision to preside over the criminal case despite counsel’s objection. This appeal presents an issue of first impression, concerns an important matter 'of public policy, and requires an interpretation of the code of' judicial conduct. Because the circuit judge’s impartiality may be reasonably questioned under Rule 2.11’s disqualifying standard, I would reverse and remand for a new trial, with a - different presiding judge. As stated in-.the majority opinion, the court held , a pretrial hearing during the criminal proceeding and denied Ferguson’s motion to recuse and her motion for a bench trial. Here is some , of the colloquy from that hearing; : Court: [Y]ou know, it would be easier on a judge just to recuse. But the fact of the matter is I read — I read your petition. And what I stated was that I find there was dependency ne- ; .gleet. I do-find the allegation in the petition had been substantiated by proof of preponderance of the evidence and the child was dependent neglected. Now you stated that I said other things other than what I said. But what I said was that the Department of Human Services had done theirs by the preponderance of the. evidence. Okay? A criminal case is beyond a reasonable doubt. Two different things. Two different cases and concerns. And when I’m looking at the DHS case, I’m primarily focusing on the child and what’s going on in this. This is . with the adult. It would be very easy for me to recuse. I will not recuse on this case ... I believe I will be impartial on the case. I’ve had these kind of cases, and I will continue to keep this case. I will not pass this case off to Judge Huckabee on these grounds. Ok? Now, as far — do you still continue to wish to waive to a bench trial? Defense: We do. Court: Okay. And you don’t believe that I could be partial on a bench trial? Defense: Say that again. I’m sorry, Judge? Court: I said you do not believe that I can be impartial on a bench trial? | t(Defense: We do believe that given some of the statements that you made at the close of the adjudication case in the dependency neglect case that ... there was some sort of a bias or a prejudged disposition that you had, and given the fact that all of the facts and all the allegations are identical, all of the testimony will be identical, that’s our concern. And, Judge, [I] would hope that you know, given the number of times that I’ve been before you, that I have great respect for you as a judge, and I’m not trying to impugn that in any way, shape or form. But I do believe that [there] is some prejudged disposition that you had with respect to my particular client based on the statements that were made at the close of the adjudication, Judge. Court: Okay. I have the transcript that you ordered for the adjudication ’cause you took it up on appeal, which is fíne. That’s your prerogative. But in it ... it' doesn’t say that I made any of those type of statements[.] The court’s written order stated, “After reviewing the motions, caselaw and hearing the arguments of counsel, the motion of recusal and/or transfer was denied. There was no indication of bias or prejudice or that Canon 2.11(A)(6)(d) is applicable in this case.” In February 2015, the court discussed its denial of Ferguson’s request for a bench trial, stating: I would have given' Ms. Ferguson a court trial, or in other words a bench trial, had you sáid that you thought [that] I coúld be fair in my judgment. You stated that you felt like I would be biased and that I would be prejudicial towards her. So that’s the reason she didn’t get a bench trial, and that’s the reason that I did not sign your order. I did not deny her a bench trial just because you asked for me to recuse and I 'refused to do so. So if she had asked for a bench trial, and you had thought that I could’ve been fair about it, she would’ve had one. Jun- ■ The majority holds that the decision to recuse in this case was left to the circuit court's broad discretion and that it did not abuse its discretion. Judges are presumed to be impartial, and absent a valid reason to recuse, a judge should preside over a case. Porter v. Ark Dep’t of Health & Human Servs., 374 Ark. 177, 191, 286 S.W.3d 686, 697 (2008). A party trying to disqualify a judge must overcome that presumption and demonstrate that the judge showed bias or prejudice. ■ Owens v. State, 354 Ark. 644, 655, 128 S.W.3d 445; 451 (2003). An appellate court will not reverse a judgment on the basis of a judge’s decision not to disqualify unless the judge has abused his or her discretion. Porter, supra. In determining whether there was an abuse of discretion, this'- court reviews the record to determine if any prejudice or bias was exhibited. Id. The question of bias is generally confined to the judge’s conscience. 'Id. That’s some of the caselaw, which does support my colleagues’ position. But we also have a rule of judicial conduct to deal with; and it tips the scales in favor of recusal.[1] As we know, the Arkansas Supreme Court promulgates, these rules, which have been applied in recusal cases dealing with criminal convictions in which the appearance of a circuit court’s impartiality was challenged. See, e.g., Adams v. State, 269 Ark. 548, 549, 601 S.W.2d 881, 883 (Ark.1980); Ross v. State, 267 Ark. 1027, 1034, 593 S.W.2d 475, 479 (Ark.Ct.App.1980). The rules have also been used to decide recusal issues in civil cases. See, e.g.,. Riverside Marine Remanufacturers, Inc. v. Booth, 93 Ark. App. 48, 53, 216 S.W.3d 611, 615 (2005). | -isThe Arkansas Supreme Court adopted the current version of the Code of Judicial Conduct in April 2009. The rule that Ferguson primarily argued below and on appeal, Rule 2.11, appears in pertinent part as follows: Rule 2.11, titled “Disqualification” states, in pertinent part and- with emphasis, that. (A) A judge shall disqualify himself or herself in any proceeding in which the judge’s impartiality might reasonably be questioned,; including but not limited to the ■ following eircum- . stances: (1) The judge has a personal bias or prejudice concerning a party or a ■ party’s lawyer, or personal knowledge of facts that are in dispute in the proceeding. [[Image here]] (6) The judge (d) previously presided as a judge over the matter in another court. I agree -with the majority that the circuit judge did not have “personal knowledge of the facts” under subsection (A)(1); there is no evidence that the judge gained any knowledge of the criminal case apart from her participation' in the dependency-neglect adjudication, Ferguson also alleges, to some extent, that the circuit judge. exhibited “bias or prejudice” against her under subsection (A)(1). Comment 2 tó Rule 2.3 of the Arkansas Code of Judicial Conduct tells us what conduct tends to manifest a bias or prejudice: Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts;-: suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey to parties and lawyers in the proceeding, jurors, the media, and others an appearance of bias or prejudice. A judge must avoid conduct that may reasonably be perceived as prejudiced or biased. Iisl agree with the majority that the record does not establish, for (A)(1) purposes, that the circuit judge was actually prejudiced, biased, or partial against Ferguson when' it presided over her criminal trial. Ferguson has also argued that subsection (A)(6) applied and thus disqualified the circuit judge from the criminal case. I agree again with the majority that we have no caselaw or commentary on what “previously presided as a judge over the matter in another court” means under section (A)(6). The State’s concern that “no judge would ever he able to preside over a case of a defendant where the defendant had previously been before the, judge on another matter” is overstatement. Each recusal question turns on its own facts. Here, the circuit judge said it would be “very easy” for her to recuse yet did not because she thought she was not required to do so. Whether a circuit judge who sits on a DHS abuse case and then sits on a mirror-image criminal case meets the (A)(6) definition is an open question, and one of first impression, in this state. But we need not decide this appeal based on the particulars stated in subsections (A)(1) or (A)(6) because Ferguson has a broader recusal argument — one that my colleagues do not address. , Ferguson claims that a reasonable person would be led to question the circuit judge’s impartiality and that “a risk of perception of judicial bias or impartiality is so great that the only proper course of action would be for. [the circuit judge] to recuse herself[.]” hH Í — f H-H The circuit judge who presided over the criminal trial was the same one who acted as the fact-finder in the prior dependency-neglect case. The core issue in the DHS case was: |14did Ferguson physically abuse a child? The judge concluded, “There was physical abuse of the child younger than six years of age. ’ And I don’t see how you can find anything else.” The State’s criminal case for second-degree domestic battery was premised on the same core question: did Ferguson physically abuse a child? The same witnesses testified during the criminal trial — including witnesses that the circuit judge made credibility determinations about during the DHS case. Could a reasonable person justifiably question the circuit judge’s ability to be impartial in Ferguson’s criminal case given the prior mirror-image DHS case? I believe so in this instance, and it’s why I would reverse Ferguson’s conviction and remand for a new trial. Comment 1 to Rule 2.11 requires a judge to disqualify herself if her “impartiality might reasonably be questioned, regardless whether any of the specific provisions of paragraphs (A)(1) through (6) apply.” At the heart of Rule 2.11 is a concern that judicial proceedings must appear to be fair and impartial. Neither the letter, nor the spirit of Rule 2.11 requires that a litigant like Ferguson prove an actual prejudice or bias. See Farley v. Jester, 257 Ark. 686, 692, 520 S.W.2d 200, 203 (1975) (“[C]ourt proceedings must not only be fair and impartial — they must appear to be fair and impartial.”). Though much of the caselaw does apparently hinge the propriety of recusal decisions on the court’s discretion and conscience, Rule 2.11 speaks in mandatory terms. The rule uses the word “shall,” meaning a judge must recuse unless the parties waive recusal under certain circumstances that are not presented here. See Howard W. Brill, Arkansas Professional and Judicial-Ethics 506 (8th ed. Arkansas Law Press 2011) (“A judge must disqualify if the . judge’s impartiality might be | ^reasonably questioned.”). Furthermore, the Preamble to the Rules states, in part, that “[wjhere a Rule contains a permissive term such as ‘may’ or ‘should,’ the conduct being addressed is committed to the personal and professional discretion of the judge[.j” How do we square the mandatory language in Rule 2.11 with the “[a] judge’s recusal is discretionary” case-law on which the majority relies? The abuse-of-discretion concept seems to conflict with Rule 2.11’s mandate.. In my view, the rule required, on this record, that the judge recuse from the criminal proceeding before convening the jury trial in earnest. What happened during the trial once it began to unfold is in some sense irrelevant under Rule 2.11’s mandatory language and spirit. This point has more or less been communicated before this way: The idea that judges should avoid even the appearance of partiality or favoritism is so deeply rooted in our sense of justice that we do not require proof of actual bias or prejudice towards litigants as the sole basis for disqualifying jurors or judges ... The issue is not whether a judge whose partiality might reasonably be questioned has been shown to be 1 biased ‘ or' prejudiced in a proceeding; rather, the issue is' whether a • judge ■ whose partiality might reasonably be questioned should even conduct the proceeding in the first place. Lofton v. State, 57 Ark. App. 226, 235-36, 944 S.W.2d 131, 136 (1997) (Griffen, J., dissenting) (emphasis added). IV. I respectfully dissent and would reverse Ferguson’s conviction and remand for a new trial, with a different presiding circuit judge. Kinard, J., joins. . Arkansas statutes and the Arkansas Constitution, as well as federal constitutional law, also address judicial disqualification, but these sources are not directly at issue.